978 F.2d 1262
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff/Appellee,
v.
Leonard OLMSTEAD, Defendant/Appellant.
 No. 92-1187.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 14, 1992.*
Decided Oct. 27, 1992.
 
 Appeal from the United States District Court for the Western District of Wisconsin; No. 91-CR-78, John C. Shabaz, Judge.
 W.D.Wis.
 AFFIRMED.
 FLAUM, MANION and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Leonard Olmstead, who pleaded guilty to growing marijuana in a back-yard garden, 21 U.S.C. § 841(a)(1), contests the district court's calculation of the number of marijuana plants involved[1].
 
 I. BACKGROUND
 
 2
 At Olmstead's sentencing hearing, two experts estimated the number of plants involved in Olmstead's manufacturing scheme, each giving different approximations. Officer David Keith, who orchestrated a search of Olmstead's land, testified that he and twenty-five assistants ("the officers") seized 1057 marijuana plants. After uprooting the smallest of these plants, the officers counted these small plants and wrapped them whole in newspaper. The officers then removed the larger plants from the plastic lawn-edging rings that encircled them, uprooting two-thirds of the plants and removing the remaining plants at ground level. Upon uprooting plants, the officers noticed that a few of the rings contained more than one root system. Realizing that the number of root systems determines the number of plants, the officers counted each double root system as two plants. However, since the officers could not count the roots of the marijuana cut at ground level, they considered each plastic ring one plant. After counting all of the larger plants, the officers wrapped the leaves in newspaper and cut the roots off the uprooted plants. These roots remained in piles on Olmstead's land. One week later, Ernest Lien, a privately-retained investigator, examined Olmstead's land. After counting the roots in the piles, Lien exhumed the roots remaining underground. This process produced 728 marijuana roots.
 
 
 3
 The following winter, Officer Keith returned to Olmstead's property, which was covered in 2 1/2 feet of snow. He removed the snow from the area where the officers were chopping the roots and found fifteen roots. Keith produced the roots at Olmstead's sentencing hearing.
 
 
 4
 After hearing this evidence, the sentencing court accepted Keith's estimate of the number of plants[2]. Although the court agreed that counting roots is more accurate than counting leaves, it found Keith's the most reasonable estimate. The court deemed Lien's estimate unreliable because he claimed that he had carefully collected all the roots, yet had left some roots behind.
 
 II. ANALYSIS
 
 5
 Olmstead contests the court's calculation of the number of plants and its assessment of the relative credibility of the witnesses. We assess such challenges under a clearly erroneous standard, reversing only if left with the firm conviction that a mistake has been made. Anderson v. City of Bessemer City, 470 U.S. 564, 574 (1985); United States v. Welch, 945 F.2d 1378, 1384 (7th Cir.1991), cert. denied, 112 S.Ct. 1235 (1992). Where a court chooses between two permissible views of the evidence, its choice between them cannot be clearly erroneous. Anderson, 470 U.S. at 574.
 
 
 6
 A sentencing determination may be permissible even if an estimate. In Welch, 945 F.2d 1378, for example, a witness estimated that the defendant sold him "at the most" one to two ounces of cocaine per week. Id. at 1384. The district court deemed these sales relevant conduct, counting one ounce of cocaine for every month of the sales. We affirmed.
 
 
 7
 The Tenth Circuit also affirmed an inexact estimate in United States v. Shewmaker, 936 F.2d 1124 (10th Cir.1991). cert. denied, 112 S.Ct. 884 (1992). In Shewmaker, as in Olmstead's case, the defendant was convicted of growing marijuana. Because Shewmaker's marijuana plants were harvested before his arrest, the police could not count the number of plants. Instead, they estimated the number by (1) extrapolating from the density of the remaining plants and the size of the field and (2) estimating based on aerial surveillance photographs. Despite the potential inaccuracies of these estimates, the district used them to calculate the number of plants, and the Tenth Circuit affirmed. The circuit required only "a minimum indicia of reliability" rather than "quantification by physical seizure." Id. at 1129-30.
 
 
 8
 Compared to these cases, Keith's assessment is highly reliable. Keith uprooted most of the plants and counted the number of root balls, the method considered the most accurate by expert witnesses. See United States v. Eves, 932 F.2d 856, 860 (10th Cir.), cert. denied, 112 S.Ct. 236 (1991). Although Keith estimated, rather than counted, one-third of the larger plants, his calculations were reliable. Keith's estimate of the number of roots based on the number of leaf systems is more accurate than an estimate based on aerial surveillance or the acreage of a marijuana farm.[3]
 
 
 9
 Olmstead never alleges that Keith's estimate of the number of plants is unreliable. He instead challenges Keith's claim about finding fifteen roots under two-and-one-half feet of snow. He reasons that if Keith's testimony about the roots is unreliable, we must accept Lien's estimate.
 
 
 10
 We disagree with these claims. Although we recognize the difficulty of finding fifteen roots under the snow, we cannot reject Keith's testimony as implausible. See United States v. Lozoya-Morales, 931 F.2d 1216, 1218 (7th Cir.1991). As a leader of the initial search team, Keith knew where his crew left the roots and hence where he was likely to find them. However, even if Keith's claim about the roots is questionable, we would still affirm because his estimate of the number of marijuana plants bears an "indica of reliability." As stated earlier, the court's decision to credit one reliable estimate over another cannot be clearly erroneous. See Anderson, 470 U.S. at 574.
 
 
 11
 We AFFIRM the decision of the district court.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). Appellant has filed a statement requesting oral argument. Upon consideration of that statement, the briefs, and the record, the request for oral argument is denied and the appeal is submitted on the briefs and record
 
 
 [1]
 In district court, Olmstead also attacked the constitutionality of two Federal Sentencing Guidelines provisions. U.S.S.G. §§ 2D1. (a)(3) and (c). He now concedes that our decision in States v. Webb, 945 F.2d 967 (7th Cir.1991), upholds the constitutionality of those provisions
 
 
 [2]
 Although Officer Keith testified that he seized 1057 plants, the district court only credited Olmstead with 1055 plants. Keith, who used his tally sheets to calculate his figure, mistakenly counted a "three" as a "five". After reviewing the tally sheets, the district court discovered and corrected the error
 
 
 [3]
 Keith also included saplings as well as mature plants, while Lien may have neglected the smaller plants. See United States v. Webb, 945 F.2d 967 (7th Cir.1991), cert. denied, 112 S.Ct. 1228 (1992) (saplings with root systems are counted)