Roosevelt DANIELS, Edward Fitzgerald and Lawrence Lee, Petitioners–Appellants,

v.

UNITED STATES of America, Respondent–Appellee.

Nos. 93–2152, 93–2159 and 93–2160.

United States Court of Appeals, Seventh Circuit.

Argued Jan. 19, 1994.

Decided June 9, 1994.

portion of the searched car.

Michael H. King (argued), Ross & Hardies, Allan A. Ackerman, Chicago, IL, and Thomas A. Durkin, Michigan City, IN, for petitioners-appellants.

Barry R. Elden, Asst. U.S. Atty., Office of the U.S. Atty., Cr. Receiving, Appellate Div., Robert Christopher Cook (argued) and James B. Burns, Office of the U.S. Atty., Chicago, IL, for respondent-appellee.

Before CUMMINGS, COFFEY and EASTERBROOK, Circuit Judges.

COFFEY, Circuit Judge.

Edward Fitzgerald, Lawrence Lee, and Roosevelt Daniels appeal the denial of their motions to vacate or correct their sentences pursuant to 28 U.S.C. § 2255, contending they were denied the effective assistance of counsel (Sixth Amendment).[1] They assert that they were unable to receive effective assistance of counsel because the government refused to allow them to participate in the development of the record dealing with the question of whether the extension (time limitation) of the special grand jury was valid. We affirm.

## BACKGROUND

We summarize the procedural history to place the defendants' ineffective assistance of counsel claim in context and demonstrate that this court has previously addressed and resolved the issue underlying the appellants' claim.[2]

On September 10, 1984, acting Chief District Judge Marshall convened a special grand jury as of October 1984. On August 26, 1986, under the supervision of then-Chief Judge McGarr,[3] the special grand jury returned a second superseding indictment charging Daniels, Fitzgerald, and Lee with conspiring to possess cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) and § 846, distributing cocaine in violation of 21 U.S.C. § 841(a)(1), using a telephone to conduct their drug business, in violation of 21 U.S.C. § 843, and engaging in a pattern of racketeering activity in violation of 18 U.S.C. § 1962(c).[4] On or about September 11, 1986, the defendants changed their previously-entered not guilty pleas to conditional pleas of guilty, reserving the right to appeal specified issues.

In February of 1987, before the defendants were sentenced, it was discovered that although the second superseding indictment had been issued in August of 1986, the court record contained no entry of an order extending the special grand jury of October 1984 beyond April of 1986.[5] Thereafter,

---

1. Daniels died in prison on April 5, 1994. Consequently, only two appellants remain, Fitzgerald and Lee.

2. This is the fifth time the defendants have appeared before this court to challenge the validity of the determination that their grand jury's term of service was properly extended. The previous four cases are: *Daniels v. Hon. James F. Holderman*, No. 87–1322 (Mar. 5, 1987) (unpublished); *United States v. Taylor*, 841 F.2d 1300 (7th Cir.), *cert. denied*, 487 U.S. 1236, 108 S.Ct. 2904, 101 L.Ed.2d 937 (1988); *In the Matter of Daniels*, No. 88–1750 (April 25, 1988) (unpublished); and *United States v. Daniels*, 902 F.2d 1238 (7th Cir.), *cert. denied*, 498 U.S. 981, 111 S.Ct. 510, 112 L.Ed.2d 522 (1990).

3. Judge McGarr succeeded Judge Marshall as chief judge of the Northern District of Illinois.

4. The special grand jury's original indictment was returned on July 9, 1985, and charged the defendants with violations of 21 U.S.C. § 841(a)(1) and § 846. A superseding indictment was returned on October 22, 1985, adding the allegation that the defendants used a telephone to conduct their drug dealing, in violation of 21 U.S.C. § 843(b). The second superseding indictment, returned on August 26, 1986, added RICO violations pursuant to 18 U.S.C. § 1962(c).

5. Pursuant to 18 U.S.C. § 3331(a), "[t]he grand jury shall serve for a term of eighteen months unless an order for its discharge is entered earlier by the court upon a determination by the grand jury by majority vote that its business has been completed. If, at the end of such term or any extension thereof, the district court determines the business of the grand jury has not been completed, the court may enter an order extending such term for an additional period of six months."

Daniels, Fitzgerald, and Lee filed with Judge Holderman, before whom the case was then pending, a motion for writ of habeas corpus, claiming that the second superseding indictment was invalid because it had been issued after the term of the grand jury had expired. On February 27, 1987, Judge Holderman denied the motion, noting that he had "nothing before me to indicate that this grand jury was invalidly constituted at the time that it returned this indictment." The defendants subsequently petitioned this court for a writ of mandamus, claiming that Judge Holderman's denial of their motion for writ of habeas corpus was erroneous because there was no evidence that the special grand jury's term had been extended. In an unpublished decision, this court denied the defendants' petition for a writ of mandamus as "premature" because "[t]he district court has not yet had an opportunity to evaluate all of the evidence with regard to petitioners' claim. Judge Holderman will be hearing evidence within the week that will allow him to do so."

*Daniels v. Hon. James F. Holderman*, No. 87–1322 (Mar. 5, 1987).

After confirming that the record did not contain a written order extending the special grand jury's term beyond April of 1986, the United States Attorney's Office prepared a corrective order and presented it to Judge McGarr, who issued the order *nunc pro tunc* and signed the same. Judge McGarr, when signing the order, recited on the record his specific recollection that in March of 1986 the special grand jury had voted unanimously to extend its term and that he had determined at that time that the grand jury had unfinished business. Further, that based upon this information, he, acting for and on behalf of the court, had extended the grand jury's term until September of 1986, and "[i]t now appears that, through inadvertence or mistake, a written extension order was not presented to, or executed by the Court, or that such an order was executed and since been lost." [6]   Judge McGarr's order concluded

6. Judge McGarr's order of March 3, 1987, reads as follows:

ORDER

1. On September 10, Acting Chief Judge Prentice Marshall entered an order calling for a special grand jury to be convened under 18 U.S.C. § 3331(a) and 3332(b). Pursuant to that order, the Special October 1984 Grand Jury was convened in October 1984.

2. In March 1986, the Special October 1984 Grand Jury voted unanimously to extend its term of service for an additional period of six months. The grand jury informed the deputy clerk of its decision, and instructed the deputy clerk to present a motion for a judicial order of extension.

3. The foreman and other members of the Special October 1984 Grand Jury recall that they appeared before this court in March 1986, and that at that time this Court extended the grand jury's term of service.

4. The Court recalls that in March 1986 the Special October 1984 Grand Jury appeared before the Court, and the court extended the grand jury's term of service.

5. As Chief Judge for the District Court for the Northern District of Illinois, I was familiar in March 1986 with the volume of business being conducted before the Special October 1984 Grand Jury.

6. In the six months following the Court's March 1986 extension of the grand jury's term of service, the Special October 1984 Grand Jury appeared on numerous occasions before this Court to return indictments and to conduct orders substituting grand jurors to allow the grand jury to continue operations. On all of these occasions, the Court considered the grand jury to

be a properly extended special grand jury, and the Court treated it as such.

7. The Court determined in March 1986, that the grand jury had additional matters to transact, had not yet completed its business, and should therefore be extended another six months.

8. Based on the Court's dealings with the Special October 1984 Grand Jury, and the Court's own recollections, the Court finds that it intended to, and did in fact order in March 1986 that the Special October 1984 Grand Jury continue to serve for an additional six months. This conclusion is supported by the fact that between March and September of 1986 the Court considered the grand jury to be a properly extended grand jury, and it treated the grand jury as such.

9. The Clerk of the District Court for the Northern District of Illinois has been unable to locate a March 1986 judicial order extending the term of service of the Special October 1984 Grand Jury.

10. It now appears that, through inadvertence or mistake, a written extension order was not presented to, or executed by the Court, or that such an order was executed and since been lost.

11. In view of the Court's contemporaneous determination that the grand jury had not completed its business, and in view of the Court's recollection that it extended the grand jury's term of service, the Court finds that any failure to enter a written order was non-substantive and ministerial.

12. In order that the record may "speak the truth" and reflect accurately the Court's original intentions and orders, it is necessary that the Court enter an order *nunc pro tunc* extending the term of service of the Special October 1984 Grand Jury.

that since the special grand jury's term of service had been extended, the indictments issued against Daniels, Fitzgerald, and Lee were valid.

Because the government had drafted the order for Judge McGarr's approval without giving notice to the defendants or their attorneys, on March 23, 1987, Daniels, Fitzgerald, and Lee requested that Judge Holderman hold an evidentiary hearing to determine whether Judge McGarr's extension of the term of the special grand jury was valid. In addition, the defendants filed a joint motion to dismiss the second superseding indictment based on the theory that a grand jury's term of service may not be validly extended without the filing of a contemporaneous written extension. The district court denied the defendants' motion to dismiss because under the recently-decided case of *United States v. Taylor*, 841 F.2d 1300 (7th Cir.), *cert. denied*, 487 U.S. 1236, 108 S.Ct. 2904, 101 L.Ed.2d 937 (1988), which dealt with the same special October 1984 grand jury, "the entry of a formal order was not necessary" to extend a grand jury's term. *Id.* at 1308. The *Taylor* panel held that "[w]here a supervising judge has failed to enter a written extension order under § 3331, other reliable and unequivocal evidence that he or she actually made the determination [to extend the grand jury's term] may suffice." *Id.* This court concluded that because Judge McGarr's order contained the requisite reliable and unequivocal evidence that he had timely extended the special grand jury of October 1984's term, the extension was determined to be valid and the indictments were not defective. *Id.* at 1308–09. Relying on the *Taylor* court's determination, Judge Holderman denied the defendants' request for an evidentiary hearing on the issue of whether the term of the grand jury was validly extended.

Following the district court's denial of their motion to dismiss the indictment, the

defendants filed a second petition for a writ of mandamus with this court, seeking further consideration of the grand jury issue and claiming that the district court's refusal to hold an evidentiary hearing on the matter constituted error. We denied the defendants' second motion for writ of mandamus, noting that "[i]n *United States v. Taylor*, No. 87–1378, slip op. (7th Cir. February 17, 1988), this court made the legal determination that the special October 1984, grand jury was properly constituted when it turned in indictments beyond its initial 18–month term. That decision controls this case." *In the Matter of Daniels*, No. 88–1750 (April 25, 1988) (unpublished).

On May 5, 1989, after accepting the defendants' conditional guilty pleas to conspiring to possess cocaine with intent to distribute, distributing cocaine, and engaging in a pattern of racketeering activity, the district judge sentenced Daniels, Fitzgerald, and Lee to terms of incarceration totalling fifty-five, twenty, and fifteen years, respectively. The three defendants undertook a direct appeal in which "the principal issue [wa]s the validity of the indictment." *United States v. Daniels*, 902 F.2d 1238, 1240 (7th Cir.), *cert. denied*, 498 U.S. 981, 111 S.Ct. 510, 112 L.Ed.2d 522 (1990). The defendants argued that Judge McGarr's *nunc pro tunc* order was not reliable evidence of his determination to extend the grand jury, because the order was drafted by government lawyers and was given to Judge McGarr to sign *ex parte* without notice to the defendants or their lawyers.

In response to the defendant's argument, we reasoned as follows. Initially, our court observed that "[i]t is a question of fact whether Judge McGarr was mistaken in his recollection of having made [a] ... determination that the life of the grand jury should be extended." *Id.* at 1242. We then noted that in *Taylor*, "we were given no reason to

13. THEREFORE, IT IS HEREBY ORDERED that the Special October 1984 Grand Jury be extended from March 25, 1988, to September 25, 1988.

14. Based on the *nunc pro tunc* order of extension entered herein and based on the other findings the Court has made in this order, the Court further finds and holds that the validity of all the

indictments returned by the Special October 1984 Grand Jury during the period March 25, 1986, to September 25, 1986, is not affected by any failure to enter a written extension order in March 1986.

/s/ Frank J. McGarr

DATED: (March 3, 1987)

doubt the reliability of these recollections and intentions and [we] treated the 'order' as, in effect, an unrebutted affidavit." *Id.* at 1241. However, since Daniels, Fitzgerald, and Lee had presented evidence that the order was not reliable, because it was drafted by government attorneys for Judge McGarr to sign without notice to the defendants, we re-examined Judge McGarr's ruling that the special grand jury of October 1984 had been validly extended.

In reconsidering the issue of Judge McGarr's extension of the grand jury's term, we stated that "[f]or obvious reasons, disputes over judicial recollection are not customarily resolved by placing the judge on the witness stand." *Id.* at 1242. We stated that "[w]e assume that our judges are not only honest but are also not unduly suggestible, and therefore that Judge McGarr would not have signed an order stating that he recalled extending the grand jury unless he accurately recalled having done so." *Id.* We noted that Chief Judge Grady, who succeeded Judge McGarr as chief judge, "recalled *not* having extended a grand jury that handed down an indictment after the expiration of its eighteen-month term, and the result was the dismissal of the indictment." *Id.* (emphasis in original). The panel remarked that Judge McGarr's recollection did not concern an event that occurred in the "remote past," and also that "it was consistent with the fact that the grand jury had voted to extend its term." *Id.* Accordingly, we rejected the defendants' unsupported assertion that the *nunc pro tunc* order was not reliable evidence of Judge McGarr's determination that the grand jury was extended. Although we agreed that "[t]he 'evidentiary hearing' conducted in this case to determine Judge McGarr's recollection was unsatisfactory" because the government had drafted the order for Judge McGarr to sign without allowing the defendants to participate, the court determined that "we do not think [the 'evidentiary hearing'] was so defective that we should remand for a further hearing at which Judge McGarr would be placed under oath, examined, and cross-examined—with results entirely predictable." *Id.* Because Judge McGarr had in fact extended the term of the special grand jury of October 1984, we concluded that "the indictment in this case was valid[.]" *Id.*

Still dissatisfied with this court's repeated determinations that the second superseding indictment issued by the special October 1984 grand jury was valid, on December 7, 1992, the defendants filed their present § 2255 motions. In their § 2255 motion, the denial of which is now before us, the defendants for the fifth time before this court challenge the fact that they were unable to participate in the process by which Judge McGarr concluded that he had extended the grand jury's term. Since the *Daniels* court had already rejected this claim, the defendants' present motion does nothing but recharacterize the issue by claiming that the government refusal to allow their attorneys to participate resulted in their attorneys being unable to give them effective assistance.[7] On April 22, 1993, Judge Holderman denied the motions in their entirety on three separate grounds. Initially, the judge held that the defendants' ineffective assistance claim "is, in substance, the same as the due process argument presented to, and rejected by, the Seventh Circuit in the direct appeal of the movants' convictions" since "[t]he same government conduct is the focus of this action." He concluded that "[b]ecause the Seventh Circuit has already evaluated the relevant government conduct and found no constitutional impropriety, movants are not entitled to relief under 28 U.S.C. § 2255." Second, the district judge held that even if the defendants' ineffective assistance claim was distinct from the argument raised on direct appeal, "it has been waived for purposes of collateral review because it was not pressed on direct appeal" and "there was no reason why movant[s] could not have presented

---

7. Specifically, the defendants' § 2255 motions state:

"The government appeared *ex parte* before Judge Frank McGarr in a proceeding that was essentially an evidentiary hearing at which several factual determinations were made. These factu-

al rulings and findings ultimately determined movant[s'] case. The total exclusion of movant[s'] counsel from participating in the hearing that determined movant[s'] case amounts to ineffective assistance of counsel."

their ineffective assistance of counsel claim on direct appeal." Finally, the court held that the defendants' ineffective assistance argument failed on the merits because the defendants "have presented no authority supporting the position that they had a right for counsel to be present for all evidence-gathering activities of the government. Additionally, to the extent Judge McGarr was acting in his judicial capacity, he was doing so in connection with the work of the Grand Jury, as to which movants enjoyed no right to counsel. *See In the Matter of Klein,* 776 F.2d 628, 633 (7th Cir.1985)."

The defendants appeal the denial of their § 2255 motions.

## ISSUES

One issue is dispositive in this appeal: whether the district court correctly held that the defendants were not entitled to relief because the issue underlying their ineffective assistance claim has previously been ruled upon by this court.

## DISCUSSION

The defendants contend that their ineffective assistance of counsel claim is new and distinct from the claims that they have previously raised, arguing that they are entitled to collateral relief because "[i]n *Daniels,* the court simply assumed the reliability of Judge McGarr's 'order,' but did not address the ineffectiveness of Appellant's counsel due to the interference by the Government." They state that "[n]o district court judge has ever examined the factual recitations and findings in the Government 'order.' This Court, without the benefit of any record, simply assumed the accuracy and integrity of the self-serving and false 'facts' recited by the Government and ghost-written in Judge McGarr's name."

The defendants' theory that they should have been allowed to participate in Judge McGarr's hearing that the term of the special grand jury was validly extended is without merit. Initially, we are at a loss to understand how the defendants can claim they had a right to have their lawyers present for the extension of the special grand jury's term of service when the law is well established that a defendant "has no right to counsel before the grand jury." *Matter of Klein,* 776 F.2d 628, 633 (7th Cir.1985). Even the defendant himself has no right to appear before the grand jury. *United States v. Fritz,* 852 F.2d 1175, 1178 (9th Cir.1988), *cert. denied,* 489 U.S. 1027, 109 S.Ct. 1156, 103 L.Ed.2d 215 (1989). In addition, we observe that a court's extension of a grand jury's term of service is nothing but an administrative and procedural matter. Thus, we hold that neither the defendants nor their attorneys have any right to participate in the extension of the special grand jury's term of service.

Lest we forget, we have previously decided that the term of the special grand jury of October 1984 was validly extended. *Daniels,* 902 F.2d at 1242. While it is true that the defendants' claim is "new" in the sense that this is the first time that the defendants have labelled it as a Sixth Amendment violation, the reality is that the defendants are simply recapitulating their previous assertion that the indictment is invalid because they were not permitted to participate in the preparation of Judge McGarr's order. As we explained above, in *Daniels* this court explicitly recognized the defendants' assertion that they were neither given notice of nor allowed to participate in the preparation of the order; we even acknowledged that the *ex parte nunc pro tunc* order issued by Judge McGarr was "unsatisfactory" because the defendants were not allowed to participate. Nevertheless, because we concluded that Judge McGarr would not have signed an order stating that he recalled extending the grand jury unless he accurately recalled having done so, we concluded that the procedure was "[not] so defective that we should remand for a further hearing at which Judge McGarr would be placed under oath, examined, and cross-examined—with results entirely predictable." *Id.* "[A] Section 2255 motion is neither a recapitulation of nor a substitute for a direct appeal." *Belford v. United States,* 975 F.2d 310, 313 (7th Cir.1992). The defendants may not relitigate the issues of the indictment's validity and their lack of participation in the preparation of Judge McGarr's order because those questions have previously been decided

against them and are the law of the case. Although the defense of res judicata is not applicable to § 2255 motions, *Sanders v. United States*, 373 U.S. 1, 17, 83 S.Ct. 1068, 1078, 10 L.Ed.2d 148 (1963), this circuit has held that the law of the case doctrine is applicable. *United States v. Mazak*, 789 F.2d 580, 581 (7th Cir.1986). Accordingly, we hold the district court properly denied the defendants' § 2255 motion.

The trial court's denial of the defendants' § 2255 motion for collateral relief is AF-FIRMED.