Leonard J. OLMSTEAD, Petitioner–Appellant,

v.

UNITED STATES of America, Respondent–Appellee.

No. 94–3646.

United States Court of Appeals, Seventh Circuit.

Argued April 13, 1995.

Decided May 24, 1995.

Margaret Danielson (argued), Madison, WI, for petitioner–appellant.

Robert Anderson, Asst. U.S. Atty. (argued), Madison, WI, for respondent-appellee.

Before POSNER, Chief Judge, ESCHBACH, and MANION, Circuit Judges.

ESCHBACH, Circuit Judge.

In 1991, Leonard Olmstead pleaded guilty to growing marijuana in a back-yard garden in violation of 21 U.S.C. § 841(a)(1). On direct appeal, he challenged the sentencing court's calculation of the number of marijuana plants involved. We affirmed in an unpublished opinion. *See United States v. Olmstead,* No. 92–1187, 1992 WL 309846 (7th Cir. Oct. 27, 1992). Presently before us is Olmstead's appeal of the district court's denial of his petition to vacate, correct or set aside his sentence pursuant to 28 U.S.C. § 2255. For the reasons below, we affirm.

I.

After Olmstead's guilty plea, a sentencing hearing began on January 7, 1992. During this hearing, which lasted three days, testimony was taken regarding the manner in which law enforcement officials seized and counted Olmstead's marijuana plants in Au-

gust 1991 in order to arrive at the conclusion that Olmstead had grown 1057 marijuana plants. Officer David Keith, who orchestrated the search of Olmstead's land, testified that the officers uprooted two-thirds of the plants, counting each root system as one plant, and then cut the roots off these plants. On the remaining one-third of the plants, the officers cut the plants off at ground level and counted each plant system as one plant, even though it was conceded that there might have been multiple root systems on those plants which would have justified a higher count. Olmstead responded to the officer's testimony by claiming that there were only 728 marijuana plants in his garden. He hired a private investigator, Ernest Lein, who testified that soon after the law enforcement officials had conducted their search he went to Olmstead's property and collected the roots which had been cut off by the officers and uprooted the remaining roots which the officers had left in the ground. Counting all of these roots yielded the lower number.

After Lein's testimony and during a recess in the sentencing hearing, Keith went back to the garden, which was now covered by two-and-one-half feet of snow, to check whether Lein had indeed collected all the roots which had been cut off by the officers. Upon digging in the snow for thirty minutes in several places where he believed the officers had discarded the roots, he found fifteen more roots. In light of this discovery, the prosecution called Keith as a rebuttal witness in order to impeach Lein's statement that he had carefully collected all of the roots the officers had left lying on the ground.

The district court judge sentenced Olmstead to 120 months based upon his conclusion that Olmstead had been growing more than 1000 plants. He found the government's count to be accurate and reliable. He also discounted Olmstead's count, based on Keith's testimony which indicated that Lein had been careless in his collection of the roots.

On direct appeal, Olmstead questioned the sentencing court's findings. He specifically challenged Keith's testimony that he found fifteen roots under the snow. We affirmed the sentence. In response to Olmstead's challenge of Keith's testimony, we stated that "even if Keith's claim about the roots is questionable, we would still affirm because his estimate of the number of marijuana plants bears an 'indicia of reliability.'" Slip op. at 4.

Olmstead brought this § 2255 petition to challenge his sentence and the effectiveness of his counsel at the sentencing hearing. The district court denied his petition without an evidentiary hearing because the reliability of Keith's testimony had already been decided on direct appeal and Olmstead's ineffective assistance of counsel claim was not based upon extrinsic evidence and therefore could not be raised for the first time in a § 2255 motion. Olmstead filed a timely notice of appeal.

## II.

■ Olmstead raises two issues on appeal. The first is that, in light of new evidence regarding the reliability of Keith's impeachment testimony of Lein's count, the district court erred in dismissing his § 2255 petition without an evidentiary hearing. The second is that the sentence should be overturned because he was deprived of effective assistance of counsel during the sentencing hearing. We review the denial of a motion for post-conviction relief *de novo*. *Quinn v. Neal*, 998 F.2d 526, 528 (7th Cir.1993); *Frazer v. United States*, 18 F.3d 778, 781 (9th Cir.1994).

### A. Evidentiary Hearing

■ The dismissal of a § 2255 petition without holding an evidentiary hearing is appropriate, if not required, when "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief. . . ." 28 U.S.C. § 2255; *Dugan v. United States*, 18 F.3d 460, 464 (7th Cir. 1994); *Ebbole v. United States*, 8 F.3d 530, 534 (7th Cir.1993), *cert. denied*, —— U.S. ——, 114 S.Ct. 1229, 127 L.Ed.2d 573 (1994). The district court found that this was such a case because Olmstead raised the same issue he had raised in his direct appeal of the sentence.

"[A] Section 2255 motion is neither a recapitulation of nor a substitute for a direct appeal." *Daniels v. United States*, 26 F.3d 706, 711 (7th Cir.1994), (quoting *Belford v. United States*, 975 F.2d 310, 313 (7th Cir. 1992)). Although *res judicata* does not apply in § 2255 proceedings, "the court may still exercise its discretion not to reconsider issues already decided at trial, on direct appeal, or in prior § 2255 proceedings." *Taylor v. United States*, 798 F.2d 271, 273 (7th Cir.1986), *cert. denied*, 479 U.S. 1056, 107 S.Ct. 933, 93 L.Ed.2d 983 (1987). Indeed, in the absence of changed circumstances of fact or law, we will not reconsider an issue which was already decided on direct appeal. *Id.* In his direct appeal, Olmstead specifically challenged Keith's testimony that he found 15 additional roots when he dug through the snow at Olmstead's property. We considered this claim and found that even if Keith's testimony was questionable, it would not undermine the district court's finding that the government's count was accurate.

Olmstead contends that we should revisit this issue in light of "newly-discovered" evidence that suggests that Keith committed perjury in the sentencing hearing when he testified about the fifteen additional roots. Shortly after his sentencing, Olmstead retained investigator John Reed to examine his property for signs of Keith's presence. One suspects that Olmstead hoped to find that there was no sign that Keith had visited his property and thereby establish that Keith could not have found fifteen additional roots. Instead, Reed discovered that Keith had dug even more holes in the snow than he had reported at the sentencing hearing. Olmstead argues that photographs which Reed took that day establish that Keith had actually dug through the snow in the northern portion of the field, not, as Keith had testified, in the southern portion of the field where the piles of roots had been left by law enforcement officials in August 1991. Olmstead also submitted climatological records evidencing the lack of snowfall between the days Keith and Reed visited the property. He couples these records with Reed's photos depicting the presence of four to six inches of loose snow in the footprints to suggest that Keith had not gone to Olmstead's farm during a recess in the sentencing hearing. In addition to Reed's evidence, Olmstead also submitted the affidavits of two national guardsman, who, allegedly in contradiction to the law enforcement officials' testimony, state that they helped pull plants from the ground. Finally, Olmstead offers the affidavit of an individual who helped Lein in his count, which contradicts the district court's stated assumption that Lein worked alone.

None of this evidence justifies reopening the issue decided on direct appeal. Olmstead raises no new questions as to the accuracy of the government's original count. In fact, most of the issues raised by the "new" evidence were discussed on direct appeal. Olmstead's brief to this court on direct appeal pointed out that Lein had an assistant and that Keith admitted at the hearing that there were more than three individuals who participated in the pulling up of the plants. Moreover, Reed's evidence was apparently available well before the case was submitted to this court on direct appeal. In any event, our original opinion made clear that any doubts as to Keith's testimony about the fifteen roots would not affect the district court's finding that the government's count was accurate. Thus, it was not error for the district court to dismiss Olmstead's petition without an evidentiary hearing.[1]

---

1. Nor does Reed's new evidence raise "grave doubts as to the veracity of the information" testified to at the sentencing hearing or "show that the court relied on that false information in determining the sentence," so as to establish a violation of Olmstead's due process right to be sentenced on the basis of accurate information. *United States v. Kovic*, 830 F.2d 680, 685 (7th Cir.1987), *cert. denied*, 484 U.S. 1044, 108 S.Ct. 778, 98 L.Ed.2d 864 (1988), (quoting *United States v. Eschweiler*, 782 F.2d 1385, 1387 (7th Cir.1986)). The evidence is inconclusive at best and, even if it were sufficient to raise grave doubts, the record does not reflect that the district court relied on the precise testimony upon which Reed's evidence casts doubt. The district court's only statement about the location of the roots was in an attempt to make clear that his finding was not dependent upon the roots being part of the three piles originally collected by the officers. (Tr. Vol. 5, pp. 58–59).

**320**

### B. Ineffective Assistance of Counsel

A claim of ineffective assistance of counsel which is based upon the trial record alone must be brought on direct appeal. *Guinan v. United States,* 6 F.3d 468, 471 (7th Cir.1993); *Bond v. United States,* 1 F.3d 631, 635 (7th Cir.1993); *United States v. Taglia,* 922 F.2d 413, 418 (7th Cir.1991). The district court found that this claim, which was not raised in Olmstead's direct appeal, was waived because it was not based upon extrinsic evidence. Olmstead responds that he has offered a great deal of evidence which is not part of the trial record. The question, however, is whether this evidence forms the basis for his claims of ineffective assistance of counsel. In Olmstead's petition, the primary ground for the ineffective assistance of counsel claim was that Olmstead's trial counsel never sought a continuance at the sentencing hearing in order to investigate Keith's claims. However, Olmstead does not submit any extrinsic evidence relating to his trial counsel's knowledge of the alleged discrepancies in Keith's testimony at the time of the sentencing hearing. Thus, this claim relies solely on the evidence in the record. On direct appeal, we could have evaluated whether trial counsel should have sought a continuance in the third day of the sentencing hearing based solely on the chance that a trip to the snow-covered garden on Olmstead's property would uncover evidence to rehabilitate Lein's testimony. Since Olmstead shows no cause for and actual prejudice resulting from his failure to raise this issue on direct appeal, it is waived. *Dugan,* 18 F.3d at 464.

Olmstead's petition does include some claims which are based upon extrinsic evidence, but none have merit. He argues that his counsel was ineffective because Lein's assistant was never called to testify, the National Guardsmen who assisted in pulling up the plants were never called to testify, and trial counsel never asked that the fifteen roots be released for testing or that the court vacate Olmstead's sentence in light of Reed's discoveries. At no time has Olmstead even asserted, let alone upheld his burden to establish, that these actions "were outside the wide range of professionally competent assistance." *Strickland v. Washington,* 466 U.S.

668, 690, 104 S.Ct. 2052, 2066, 80 L.Ed.2d 674 (1984). It is questionable whether the actions Olmstead complains of constitute ineffective assistance of counsel, rather than sound trial strategy subject to criticism in hindsight. *See e.g., Barnhill v. Flannigan,* 42 F.3d 1074, 1078 (7th Cir.1994) ("Usually, counsel's decision not to call a witness is a tactical decision not subject to review."). After a sentencing hearing which had already been stretched to three days, it was unlikely that the district court would have been receptive to continuations, additional witnesses, or further evidentiary hearings. Moreover, trial counsel's decision not to request that the sentencing court vacate Olmstead's sentence in light of the new evidence may have been due to the new evidence's failure to conclusively rebut Keith's testimony rather than any incompetence. Olmstead even admitted in his brief to this court that the "proof" of Keith's perjury "is somewhat circuitous and takes some effort to follow." Given the high degree of deference we accord to trial counsel's actions, we cannot say that Olmstead was deprived of effective assistance of counsel. *Dugan,* 18 F.3d at 464, (quoting *United States v. Delgado,* 936 F.2d 303, 310 (7th Cir.1991), *cert. denied,* 502 U.S. 1074, 112 S.Ct. 972, 117 L.Ed.2d 137 (1992)).

### III.

Thus, we AFFIRM the district court's denial of Olmstead's § 2255 petition.