73 F.3d 365
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 Steven L. WOODS, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 95-2687.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 18, 1995.*
Decided Dec. 29, 1995.
 
 Before BAUER, COFFEY and EASTERBROOK, Circuit Judges.
 
 ORDER
 
 1
 Petitioner Woods brought a motion pursuant to 28 U.S.C. Sec. 2255 attacking his sentence on four grounds. The district court denied the motion on all four grounds. Woods brings the present appeal, abandoning all but one of the bases of his motion. Woods maintains that he was denied due process because the trial court erred in not enforcing the plea agreement entered into between Woods and the government. The district court held that Woods could not raise this issue in a Sec. 2255 motion, because this Court had already ruled against Woods on this issue on direct appeal. See United States v. Woods, 986 F.2d 1425 (7th Cir.1993) (unpublished order).
 
 
 2
 We have held that "[a]lthough res judicata does not apply in Sec. 2255 proceedings, .... in the absence of changed circumstances of fact or law, we will not reconsider an issue which was already decided on direct appeal." Olmstead v. United States, 55 F.3d 316, 319 (7th Cir.1995) (citations omitted). Woods maintains that the issue on direct appeal, whether the trial judge erred in not allowing Woods to withdraw his guilty plea, because the government did not recommend a downward departure, is different than the issue he asserts in the present motion. The plea agreement stated that the government would recommend a downward departure if Woods rendered substantial assistance. The government determined that Woods did not provide substantial assistance and thus did not recommend a downward departure. In our order on direct appeal, we held that because the above action did not amount to a breach of the plea agreement, the trial judge did not abuse his discretion in refusing to allow Woods to withdraw his guilty plea. Woods, 986 F.2d 1425.
 
 
 3
 Woods, in the present action, while not asserting a right to withdraw his guilty plea, claims that his due process rights were violated because the government breached the plea agreement and that the district court erred in not enforcing the agreement. We ruled on direct appeal that the government did not breach its plea agreement. Thus, we have already addressed this issue and therefore Woods cannot assert it in a Sec. 2255 motion, absent changed circumstances. Olmstead, 55 F.3d at 319. Woods does not claim that there are any changed circumstances of fact or law. Therefore, the district court was correct in denying Woods' motion.
 
 
 4
 The order of the district court is AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that the parties could file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement has been filed. Accordingly, the appeal is submitted on the briefs and the record