89 F.3d 838
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Mark HERMAN, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 95-3048.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 30, 1996.*
Decided May 1, 1996.
 
 Before POSNER, Chief Judge, and MANION and KANNE, Circuit Judge.
 
 ORDER
 
 1
 Mark Herman moved to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. The district court denied the motion, and Herman appeals. We affirm.
 
 
 2
 On August 28, 1992, Herman pleaded guilty to possession of cocaine with intent to distribute and possession of a firearm during and in relation to a drug trafficking crime, and on November 20, 1992, he was sentenced to a total of 152 months' imprisonment. This court affirmed his conviction. United States v. Buckley, 4 F.3d 552 (7th Cir.1993), cert. denied, 114 S.Ct. 1084 (1994). Additionally, on September 30, 1992, a 1966 Chevrolet Corvette and a 1988 Hallmark trailer which had been seized from Herman were administratively forfeited to the government. Herman failed to file a timely claim in that action.[1] In his § 2255 motion, Herman claims, in an argument that he failed to raise on direct appeal, that because he has forfeited his property and been sentenced to prison he has suffered multiple punishments in violation of the Double Jeopardy Clause.
 
 
 3
 A § 2255 motion does not substitute for a direct appeal. Olmstead v. United States, 55 F.3d 316, 319 (7th Cir.1995). Thus, a petitioner who has failed to raise a constitutional issue on direct appeal is barred from raising the issue in a post-conviction proceeding unless he demonstrates both cause for the failure and prejudice which results from it. Reed v. Farley, 114 S.Ct. 2291, 2300 (1994) (citing Wainwright v. Sykes, 433 U.S. 72, 84 (1977)); Barker v. United States, 7 F.3d 629, 632 (7th Cir.1993), cert. denied, 114 S.Ct. 939 (1994); Theodorou v. United States, 887 F.2d 1336, 1339-40 (7th Cir.1989).
 
 
 4
 Herman makes no effort to show cause and prejudice, and so he is barred from raising his double jeopardy argument in this § 2255 motion. Further, even if Herman had overcome his procedural default, his claim is barred by United States v. Torres, 28 F.3d 1463, 1465 (7th Cir.), cert. denied, 115 S.Ct. 669 (1994), which requires Herman to have filed a claim in and consequently been a party to the civil forfeiture proceeding at issue. Although Herman did not file a timely claim, he asserts that his unsuccessful attempt to file a claim, as well as the fact that he legally owned the property at issue, suffices to avoid the Torres bar. This circuit, however, has already rejected arguments similar to those Herman advances. In United States v. Ruth, 65 F.3d 599 (7th Cir.1995), petition for cert. filed, 64 U.S.L.W. ---- (U.S. Jan. 19, 1996) (No. 95-7546), the defendant unsuccessfully attempted to contest a civil forfeiture, but the claim was untimely and thus the defendant did not become a party. This court held that Ruth had not suffered double jeopardy: "Although in reality Ruth may have suffered two harms--the loss of his property in the forfeiture and the separate threat of loss of liberty from the criminal case--he cannot have been subjected to double jeopardy because he was only a party in a single case (the criminal case)." (emphasis in original). Id. at 604. See also United States v. Penny, 60 F.3d 1257, 1262 (7th Cir.1995) ("It is irrelevant that Mr. Penny believes the forfeiture action was directed toward him; he failed to assert an interest in the property at the forfeiture proceeding and therefore cannot invoke the protections of the Fifth Amendment Double Jeopardy Clause."), cert. denied, 116 S.Ct. 931 (1996); United States v. Vega, 72 F.3d 507, 514 (7th Cir.1995) ("Petition for Remission and Mitigation" insufficient to contest forfeiture proceeding; defendant required to file a "claim"), petition for cert. filed, 64 U.S.L.W. ---- (U.S. Mar 11, 1996) (No. 95-8299). Because Herman was a party to only one proceeding, he cannot have suffered double jeopardy.
 
 
 5
 AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary; accordingly, the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)
 
 
 [1]
 Herman attempted to make a claim, but it was received three weeks later than the latest deadline for filing claims