81 F.3d 164
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Respondent-Appellee,
v.
Howell LITTLE, Petitioner-Appellant.
 No. 94-3131.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 20, 1996.*
Decided April 2, 1996.
Rehearing and Suggestion for Rehearing En Banc Denied May 2, 1996.
 
 Before PELL, FLAUM and EASTERBROOK, Circuit Judges.
 
 ORDER
 
 1
 Howell Little, a federal prisoner acting pro se, moves to vacate or correct his sentence pursuant to 28 U.S.C. § 2255. He claims ineffective assistance of counsel both in the district court and on appeal; that the district court accepted his plea agreement in violation of Fed.R.Crim.P. 11; and that the Pre-Sentence Investigation Report ("PSI") included inadmissible hearsay. We affirm.
 
 
 2
 Little pleaded guilty to conspiracy to possess cocaine with intent to distribute it. The plea agreement stipulated that the conspiracy dealt in 150-500 kg. cocaine. The transcript of the sentencing hearing makes clear, however, that when Little pleaded guilty, he did not initially understand the difference between "kilogram" and "gram," or that a kilogram was the same as a "key" of cocaine. Nonetheless, Little affirmed his guilty plea after the confusion had been resolved, and the court had explained the nature of a conspiracy charge. The plea agreement anticipated a total offense level of 32 under the Sentencing Guidelines, producing a sentencing range of 121-151 months. The court found Little had a minor (two point reduction) rather than minimal (four point reduction) role in the offense under U.S.S.G. § 3B1.2, and so found a total offense level of 34, yielding a sentencing range of 151-188 months.[1] The court sentenced Little at the low end of the range, to 151 months in prison.
 
 
 3
 Little filed an appeal, but abandoned it on advice of counsel, in exchange for the government filing a motion under Fed.R.Crim.P. 35. This resulted in reduction of Little's sentence from 151 to 100 months. After the reduction in sentence Little, now acting pro se, persisted in seeking to overturn his sentence under 28 U.S.C. § 2255. He claimed that counsel's ineffectiveness led him to misunderstand the nature of the conspiracy charge and the quantity of drugs attributed to him thereby, and then kept him from pursuing a direct appeal; and insisted both that the district court accepted his plea agreement in violation of Fed.R.Crim.P. 11, and that the PSI included inadmissible hearsay, especially concerning the quantity of drugs involved in the offense. The district court rejected his arguments, and affirmed the conviction.
 
 
 4
 On appeal, Little simply repeats the arguments raised before the district court.[2] We first must determine whether procedural default barred consideration of the merits of his appeal. A § 2255 petition is not a substitute for a direct appeal. Olmstead v. United States, 55 F.3d 316, 319 (7th Cir.1995). A court "cannot reach the merits of an appealable issue in a § 2255 proceeding unless the issue has been raised in a procedurally appropriate manner." Theodorou v. United States, 887 F.2d 1336, 1339 (7th Cir.1989). Little did not file a direct appeal, and failure to do so constitutes a procedural default. See Doe v. United States, 51 F.3d 693, 698 (7th Cir.1995). To overcome this defect and raise a claim for the first time in a collateral attack, the defendant must show cause for the procedural default as well as actual prejudice from the failure to appeal. United States v. Frady, 456 U.S. 152, 167-68 (1982); United States v. Taglia, 922 F.2d 413, 418 (7th Cir.1990), cert. denied, 500 U.S. 927 (1991).
 
 
 5
 In the case at bar, Little argues that his lawyer's ineffectiveness kept him from pursuing a direct appeal. That Little abandoned his appeal on advice of counsel, in exchange for a significant reduction in sentence, distinguishes this case from Castellanos v. United States, 26 F.3d 717, 718 (7th Cir.1995) (failure to carry out a client's instruction to appeal constitutes ineffective assistance of counsel). Unlike the appellant in Castellanos, Little had the benefit of a lawyer's services but regretted, after the fact, taking his attorney's advice. For this reason, the performance/prejudice standard of Strickland v. Washington, 466 U.S. 668, 687 (1984), applies here.
 
 
 6
 It is clear that Little's counsel acted competently when he persuaded his client to abandon his direct appeal. The record indicates that evidence of Little's guilt was overwhelming, and it seems clear that the issues which Little intended to pursue on appeal lacked merit.[3] In recognizing that Little had scant likelihood of success on direct appeal, and instead bargaining with the government for a one-third reduction of sentence, Little's counsel was quite the opposite of ineffective. Certainly his advice was not "outside the wide range of professionally competent assistance" demanded of attorneys in criminal cases. Strickland, 466 U.S. at 690. Because Little has not shown that his counsel was ineffective, the fact that he did not file a direct appeal constitutes a procedural default.
 
 
 7
 There remains Little's claim than his counsel was also ineffective at sentencing. Because the same lawyer whom he now claims did not represent him effectively at sentencing was also his appellate lawyer, "he could not as a practical matter have raised the ineffective assistance claim on direct appeal, so there is no forfeiture." Guinan v. United States, 6 F.3d 468, 471 (7th Cir.1993). We find, however, that Little's lawyer competently represented his client at sentencing.
 
 
 8
 Counsel's failure to raise a variety of pre-trial motions is a question of tactics which we will not review. Taglia, 922 F.2d at 417-18. Little's principal complaint is that he would have gone to trial instead of pleading guilty had counsel not failed sufficiently to advise him of the quantity of cocaine attributed to him. Even if counsel's failure to make sure that his client knew what a "kilogram" was constituted ineffective assistance--and we believe it does not in this case--the sentencing transcript makes clear that the district court cured any problem by having Little re-affirm his guilty plea after the court explained the nature of a conspiracy charge and cleared up the confusion about the amount of cocaine attributable to the conspiracy. See Barker v. United States, 7 F.3d 629, 633 (7th Cir.1993). Moreover, nothing suggests that the end result would have been different had the case gone to trial. As mentioned, the government had overwhelming evidence of Little's guilt and his knowledge that the conspiracy dealt in large quantities of drugs. Proceeding to trial would at best have delayed sentencing without changing the result. Because Little cannot show prejudice, his claim of ineffective assistance at sentencing must fail. United States v. Rodriguez-Luna, 937 F.2d 1208, 1215 (7th Cir.1991).
 
 
 9
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that the parties could file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). Petitioner-Appellant filed a statement requesting oral argument. Upon consideration of that statement, the briefs, and the record, we deny the request. Accordingly, the appeal is submitted on the briefs and the record
 
 
 [1]
 Little's most persistent argument is that he should not be held responsible for 150-500 kg. cocaine. Despite this, Little's request "that the plea be kept and 30 months enhancement be deducted," reflects nothing more than the difference, under the Guidelines, between a total offense level of 32 and of 34. The sentence under both offense levels was based on the same 150-500 kg. of cocaine to which Little now objects
 
 
 [2]
 Little also complains that his sentence was unduly harsh in comparison to more culpable members of the conspiracy. Even if Little had raised this argument before the district court, we lack jurisdiction to review a sentence properly imposed under the Guidelines on grounds that a codefendant was treated more leniently. United States v. Collello, 16 F.3d 193, 194 (7th Cir.) (citation omitted), cert. denied, 114 S.Ct. 2153 (1994)
 
 
 [3]
 In particular, the district court properly accepted Little's guilty plea. Little's argument that the government somehow breached the plea agreement because the court did not follow the government's sentencing recommendations will not wash. In addition, while the Presentence Investigation Report did contain hearsay evidence, the transcript makes clear that the district court took into account Little's objections to the report, and conducted an adequate inquiry to determine that the hearsay contained sufficient indicia of reliability for the purposes of the sentencing hearing