**Wayne Gene WORTHINGTON,
Petitioner,**

v.

**UNITED STATES of America,
Respondent.**

No. 96–C–493, 92–CR–93.

United States District Court,
E.D. Wisconsin.

June 19, 1996.

specific description of each item and indicated price terms was sufficient).

Wayne Gene Worthington, Sandstone, MN, pro se.

Francis D. Schmidt, Assistant United States Attorney, Milwaukee, WI, for respondent.

### DECISION AND ORDER

WARREN, District Judge.

Before the Court is the petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside,

or Correct Sentence By a Person in Federal Custody. On April 24, 1996, the petitioner, Wayne Gene Worthington, filed a Section 2255 Motion arguing his conviction should be vacated in light of *Bailey v. United States,* —— U.S. ——, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995). Because the petitioner's claims are either barred by procedural default or without legal merit, the petitioner's Motion is DISMISSED.

## I. *BACKGROUND*

On April 21, 1992, a two-count indictment was filed in the Eastern District of Wisconsin charging Wayne Gene Worthington with armed bank robbery in violation of 18 U.S.C. § 2113(a), (d), and use of a firearm in relation to a crime of violence in violation of 18 U.S.C. § 924(c). Worthington plead not guilty and the matter went to trial. On June 24, 1992, Worthington was found guilty by a jury on both counts. He was sentenced by this Court to a term of seventy-eight (78) months' imprisonment on the bank robbery, and sixty (60) months' imprisonment on the firearms charge, the sentences to run consecutively. The petitioner appealed his conviction on the sole ground that the government failed to prove him guilty beyond a reasonable doubt. In an unpublished opinion, the United States Court of Appeals for the Seventh Circuit affirmed Worthington's conviction. *United States v. Worthington,* 998 F.2d 1017, 1993 WL 268894 (7th Cir.1993).

Worthington in his 28 U.S.C. § 2255 petition raises three issues for why his conviction and sentence should be vacated. First, Worthington argues a review of the evidence at trial indicates that he did not actively employ or carry a firearm in violation of 18 U.S.C. § 924(c) as that statute has been recently interpreted by the United States Supreme Court in *Bailey v. United States,* —— U.S. ——, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995). Second, Worthington alleges he received ineffective assistance of counsel because his attorney failed to challenge the credibility of the government's main witness, who identified him at trial as the bank robber who pointed a gun at her head. The petitioner continues to believe he was not proven guilty beyond a reasonable doubt "as no videotapes, recordings or other eyewitnesses supported the government's only fact witness to sustain a conviction." (Motion at 4.) Third, Worthington challenges the two-level increase in his sentence, pursuant to U.S.S.G. § 2B3.1(b)(4)(B), wherein the Court enhanced petitioner's sentence for physically restraining a person to facilitate commission of the offense or to facilitate an escape.

## II. *LEGAL STANDARD*

 28 U.S.C. § 2255 relief is limited to an error of law that is jurisdictional, constitutional, or constitutes a fundamental defect which inherently results in a complete miscarriage of justice. "Moreover, in addition to restraints on the types of issues that may be raised, the failure to raise issues on direct appeal bars a petitioner from raising them in a section 2255 proceeding unless he or she makes a showing of good cause for and prejudice from that failure." *Bischel v. United States,* 32 F.3d 259, 263 (7th Cir.1994) (citations and internal quotation marks omitted). Thus, relief under Section 2255 is available if a prisoner can show that there are "flaws in the conviction or sentence which are jurisdictional in nature, constitutional in magnitude, or result in a complete miscarriage of justice." *Boyer v. United States,* 55 F.3d 296, 298 (7th Cir.), *cert. denied,* —— U.S. ——, 116 S.Ct. 268, 133 L.Ed.2d 190 (1995). An argument that was not raised on direct appeal cannot first be presented on collateral review " 'absent showing of cause' for the failure to advance the argument sooner 'and some showing of actual prejudice resulting from the alleged constitutional violation.' " *Kelly v. United States,* 29 F.3d 1107, 1112 (7th Cir.1994) (quoting *Wainwright v. Sykes,* 433 U.S. 72, 84, 97 S.Ct. 2497, 2505, 53 L.Ed.2d 594 (1977)).

 The Court emphasizes that "[a] Section 2255 motion is neither a recapitulation of nor a substitute for a direct appeal." *Daniels v. United States,* 26 F.3d 706, 711 (7th Cir.1994) (citations omitted). A district court may not reach the merits of an appealable issue in a Section 2255 proceeding unless the issue has been raised in a procedurally appropriate manner. *Theodorou v. United States,* 887 F.2d 1336, 1339 (7th Cir. 1989). Thus, a petitioner who has failed to raise a constitutional issue on direct appeal is

barred from raising the issue in a post-conviction proceeding unless he demonstrates both cause for the procedural default and actual prejudice from the failure to appeal. *Reed v. Farley,* 512 U.S. 339, ——, 114 S.Ct. 2291, 2300, 129 L.Ed.2d 277 (1994) (citing *Wainwright v. Sykes,* 433 U.S. 72, 84, 97 S.Ct. 2497, 2505, 53 L.Ed.2d 594 (1977)); *Barker v. United States,* 7 F.3d 629, 632 (7th Cir.1993), *cert. denied,* 510 U.S. 1099, 114 S.Ct. 939, 127 L.Ed.2d 229 (1994); *Theodorou,* 887 F.2d at 1339-40.

[5–7] To show cause, the petitioner must demonstrate that an external objective factor impeded his ability to appeal. *Murray v. Carrier,* 477 U.S. 478, 488, 106 S.Ct. 2639, 2645, 91 L.Ed.2d 397 (1986). For example, "showing that the factual or legal basis for a claim was not reasonably available to counsel, or that 'some interference by officials,' made compliance impracticable, would constitute cause under this standard." *Id.* (citations omitted). Ineffective assistance of counsel in violation of the Sixth Amendment may constitute "cause" under *Wainwright* for a procedural default. *Id.* When assessing whether a party has established cause the Court may only examine that party's proffered reasons for not appealing and not speculate about other possible explanations. *Williams v. United States,* 805 F.2d 1301, 1304 (7th Cir.1986), *cert denied,* 481 U.S. 1039, 107 S.Ct. 1978, 95 L.Ed.2d 818 (1987).

■ The "miscarriage of justice" exception to cause and prejudice is narrow: "[I]n an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default." *Murray v. Carrier,* 477 U.S. 478, 496, 106 S.Ct. 2639, 2649, 91 L.Ed.2d 397 (1986); *see also Schlup v. Delo,* —— U.S. ——, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995). The fundamental miscarriage of justice exception is reserved solely for those with a claim of actual innocence. *Boyer,* 55 F.3d at 298, 300. That is, the petitioner's claim must be one of factual innocence, not legal innocence. *Id.*

## III. *DISCUSSION*

■ Worthington argues that the evidence was insufficient to sustain his conviction under 18 U.S.C. § 924(c) in light of *Bailey v. United States,* —— U.S. ——, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995) because he personally did not "use" or "carry" a firearm. In *Bailey,* the Supreme Court clarified the standard for conviction for the "use" of a firearm during certain offenses, pursuant to 18 U.S.C. § 924(c). In order to sustain a conviction under the "use" prong of 18 U.S.C. § 924(c), the government must show "that the defendant actively employed the firearm during and in relation to the predicate crime." *Id.* at ——, 116 S.Ct. at 509. Moreover, active employment connotes activities such as "brandishing, displaying, bartering, striking with, and most obviously, firing or attempting to fire, a firearm." *Id.* at ——, 116 S.Ct. at 508. Thus, Section 924(c)(1) punishes someone who, "during and in relation to any crime of violence ..." either "uses or carries a firearm."

■ The petitioner's argument that his conviction should be vacated in light of *Bailey* is without legal merit, and frankly, ludicrous. At sentencing, the facts of the bank robbery were found by this Court to be particularly vicious. In particular, the bank teller testified that the petitioner put a gun to her ribs, ordered her to her knees, continued to point the gun at her head and then forced her to crawl into the closet. (Transcript at 125–133.) The bank teller clearly identified the petitioner-defendant in open court as the man that pointed a gun at her in the credit union during the bank robbery. It is clear to the Court that the petitioner brandished a gun and was properly convicted pursuant to 18 U.S.C. § 924(c)(1). Even if the petitioner's co-conspirator brandished the firearm and pointed it at the bank employee (which the evidence did not demonstrate), under the *Pinkerton* doctrine established in *Pinkerton v. United States,* 328 U.S. 640, 66 S.Ct. 1180, 90 L.Ed. 1489 (1946), a conspirator can be found guilty for a co-conspirator's crime. Thus, a defendant may be found guilty of violating Section 924(c) if a co-conspirator used or carried a firearm during and in relation to the conspiracy. *See Unit-*

ed States v. Monroe, 73 F.3d 129, 132 (7th Cir.1995) (citing *United States v. Ocampo,* 890 F.2d 1363, 1372 (7th Cir.1989)). However, this is not the instant case. In the case before the Court, the bank employee testified that the defendant drew a gun, announced a holdup and held the gun to her person. In light of *Bailey,* it is clear to the Court that the petitioner was properly found guilty of using and carrying a firearm in violation of 18 U.S.C. § 924(c)(1) and that the evidence was sufficient to sustain the conviction.

Petitioner's other two arguments for why his conviction should be vacated were not raised on appeal and absent a showing of cause and prejudice are procedurally barred. Moreover, the petitioner's arguments are without legal merit. The evidence presented at trial demonstrated that after the bank robbers took the money from the credit union safe, they locked the bank teller and a customer in a closet. (Transcript at 133.) The Sentencing Guidelines provide for a two-level enhancement in the offense level for robbery, "if any person was physically restrained to facilitate commission of the offense or to facilitate escape." U.S.S.G. § 2B3.1(b)(4)(B). "Physically restrained" is defined as "the forcible restraint of the victim such as being tied, bound or locked up." Again, it is clear to the Court that Worthington was properly assessed a two-level increase in his sentence pursuant to U.S.S.G. § 2B3.1(b)(4)(B) for locking the bank teller and customer in a closet which facilitated the commission of the bank robbery and the escape.

The petitioner's final contention that he received ineffective assistance of counsel because his attorney did not cross-examine the bank teller is without legal merit. The transcript of the proceedings before this Court demonstrates that the attorney cross-examined the bank teller and attempted to point out inconsistencies in her identification of the petitioner-defendant. (Transcript at 145–151.) The petitioner has failed to demonstrate how his attorney's performance as legal counsel prejudiced him in any way. Therefore, the Court must dismiss the petitioner's Section 2255 Motion for failure to preserve claims under the cause and preju-

dice test of *Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). "A district judge need not grant an evidentiary hearing in all § 2255 cases. Such a hearing is not required if 'the record standing alone conclusively demonstrates that a petitioner is entitled to no relief.'" *Daniels v. United States,* 54 F.3d 290, 293 (7th Cir.1995) (quoting *Humphrey v. United States,* 896 F.2d 1066, 1070 (7th Cir.), *cert. denied,* 498 U.S. 938, 111 S.Ct. 342, 112 L.Ed.2d 306 (1990)). The historic purpose of habeas corpus is to afford relief to those whom society has "grievously wronged." *Fay v. Noia,* 372 U.S. 391, 440–41, 83 S.Ct. 822, 850, 9 L.Ed.2d 837 (1963); *see also Kuhlmann v. Wilson,* 477 U.S. 436, 447, 106 S.Ct. 2616, 2623, 91 L.Ed.2d 364 (1986) (plurality opinion). Upon examining the petitioner's motion, it is clear to the Court that the petitioner is not entitled to relief.

## IV. *CONCLUSION*

For the foregoing reasons, **IT IS ORDERED** that Worthington's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2255 is **DENIED** and the Petition **DISMISSED.**