# United States Court of Appeals
### FOR THE EIGHTH CIRCUIT

_____

No. 02-1739

_____

Kermit Oris Bear Stops,        *
                         *
       Appellant,       *
                         *      Appeal from the United States
    v.                *      District Court for the
                         *      District of South Dakota.
United States of America,    *
                         *           [PUBLISHED]
       Appellee.        *

_____

Submitted: February 13, 2003
Filed: June 16, 2003

_____

Before HANSEN,[1] Chief Judge, RICHARD S. ARNOLD and BYE, Circuit Judges.

_____

HANSEN, Circuit Judge.

Kermit Oris Bear Stops appeals the denial of his motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (2000). The district court[2] granted

_____

[1]The Honorable David R. Hansen stepped down as Chief Judge of the United States Court of Appeals for the Eighth Circuit at the close of business on March 31, 2003. He has been succeeded by the Honorable James B. Loken.

[2]The Honorable Charles B. Kornmann, United States District Judge for the District of South Dakota.

a certificate of appealability on two issues. We affirm the judgment of the district court.

I.

The facts of this case are fully set out in our prior opinion in Bear Stops' direct appeal. See United States v. Bear Stops, 997 F.2d 451 (8th Cir. 1993). Bear Stops had an unstable relationship with a woman we refer to as T.M. From 1984 through 1990, Bear Stops periodically lived with T.M. and her children, including sons P.M. and B.B. B.B. was born during this period, and Bear Stops assumed that B.B. was his son. When they were no longer living with Bear Stops, P.M. and B.B. individually accused Bear Stops of having sexually abused them. Ultimately, Bear Stops was convicted of knowingly engaging in a sexual act with P.M. when P.M. was six years old (Count I), knowingly engaging in a sexual act with B.B. when B.B. was approximately four years old (Count II), and knowingly causing B.B. to engage in sexual contact (Count III). See 18 U.S.C. §§ 2241(c), 2245(2)(A), 2244(a)(1), and 2245(3) (1988).

In Bear Stops' direct appeal, we reversed the conviction on Count I relating to P.M. but affirmed the convictions on Counts II and III relating to B.B. Bear Stops, 997 F.2d at 459. We reversed Count I because the prior district court had overly restricted Bear Stops' attempt to offer uncontroverted evidence of an incident of abuse by someone else that had occurred during the same time period as the conduct alleged in Count I. P.M. had been sexually assaulted by three older boys in the same manner alleged against Bear Stops–anal penetration by the penis. This evidence would have provided a potential alternative explanation for P.M.'s behavior, which the government demonstrated was consistent with behavior frequently observed in sexually abused children, and a potential alternative explanation for P.M.'s bloody underwear, which was the only physical evidence of abuse. We concluded that "[w]ithout sufficient information to determine whether a potential alternative

2

explanation . . . existed," there was a "serious risk of a conviction on erroneous reasoning" in violation of the Confrontation Clause and the Due Process Clause. <u>Id.</u> at 457; <u>see also</u> <u>id.</u> at 458. We held that this evidence only affected the reliability of Count I. The government subsequently dismissed Count I, and the court resentenced Bear Stops on Counts II and III, involving sexual abuse of B.B., reducing his sentence from 276 months to 220 months.

Bear Stops filed a § 2255 motion to vacate, set aside, or correct his sentence. The present district court denied the motion, concluding in part that Bear Stops' appellate counsel did not provide constitutionally ineffective assistance. The district court granted a certificate of appealability on the § 2255 motion "as it relates to the claimed ineffective assistance of appellate counsel in failing to raise and present the issue of the spill-over into Counts II and III of the Confrontation Clause violation as to Count I and the issue of the admission of certain hearsay statements made by B.B. identifying the petitioner as his abuser." (Appellant's Add. B at 2.)

## II.
### A.

Bear Stops first contends that his counsel on direct appeal provided ineffective assistance by failing to raise and present the issue of whether the Confrontation Clause violation that invalidated his conviction on Count I spilled over and infected the convictions on Count II and Count III. We review de novo the district court's denial of a § 2255 motion to vacate, set aside, or correct a sentence. <u>White v. United States</u>, 308 F.3d 927, 929 (8th Cir. 2002). A criminal defendant is constitutionally entitled to the effective assistance of counsel on direct appeal, as well as at trial. <u>See</u> <u>Evitts v. Lucey</u>, 469 U.S. 387, 396 (1985).

To establish a claim of ineffective assistance of counsel, Bear Stops must demonstrate (1) that his attorney's performance was deficient and outside the range

of reasonable professional assistance, and (2) that he was prejudiced by his counsel's deficient performance to the extent that there is a reasonable probability that but for counsel's error, the result of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668, 687, 689, 694 (1984); United States v. Taylor, 258 F.3d 815, 818 (2001). "Judicial scrutiny of counsel's performance must be highly deferential." Strickland, 466 U.S. at 689.

Bear Stops argues that his appellate counsel failed to raise the spillover issue. He states that his counsel "did not even attack the convictions on the counts involving B.B. on appeal." (Appellant's Br. at 16.) To the contrary, however, his counsel did raise this issue and we explicitly rejected it in the opinion. We stated as follows:

> Finally, Bear Stops argues that the alleged evidentiary errors directly pertaining to count I involving P.M. as the victim "spilled-over" to infect counts II and III, the counts involving the younger child, B.B. Because Bear Stops denies that he sexually abused either P.M. or B.B., his credibility is involved in all three counts. Therefore, Bear Stops asserts that the alleged errors directly involving count I also affect counts II and III because his credibility was impeached. We disagree.

Bear Stops, 997 F.2d at 459. The opinion continues by setting forth more specifically our reasons for rejecting the claim, noting that the evidentiary issues were unique to the case involving P.M. and that those issues did not impact the case involving B.B. beyond the general credibility of Bear Stops. We found that the counts and evidence involving B.B. presented a much stronger case, and we refused to presume that the jury did not properly consider each count independently. Id.

Bear Stops now argues that the evidence pertaining to the constitutionally invalid conviction on Count I worked to artificially bolster the credibility of B.B. on Count II and Count III. While Bear Stops might be putting a new spin on the argument, we are satisfied that we sufficiently addressed and rejected the spillover

4

argument that Bear Stops' counsel raised in the direct appeal concerning the counts relating to conduct against B.B. In a petition for rehearing, Bear Stops' appellate counsel asserted that this court had misconstrued his spillover argument, and this court denied the petition for rehearing.

There is no basis on which to conclude that Bear Stops' counsel did not raise the spillover issue in his direct appeal. We find no error or deficiency in counsel's performance, and thus counsel's performance could not have prejudiced the defense. "It is well settled that claims which were raised and decided on direct appeal cannot be relitigated on a motion to vacate pursuant to 28 U.S.C. § 2255." United States v. Shabazz, 657 F.2d 189, 190 (8th Cir. 1981).

## B.

The second question that the district court certified for appeal is somewhat ambiguous. The certificate states that there is an appealable issue "as it relates to the claimed ineffective assistance of appellate counsel" in failing to raise the spillover issue "and the issue of the admission of certain hearsay statements made by B.B. identifying the petitioner as his abuser." (Appellant's Add. B at 2.) Bear Stops' attorney represented at oral argument that he understood the district court's certification order to permit him in this appeal to address only the question of a direct evidentiary error in the admission of the hearsay statements and not an ineffective assistance of counsel claim. We believe that the certificate can also be read in such a manner that the phrase "ineffective assistance of appellate counsel" modifies the second issue as well as the first, requiring the alleged evidentiary error to be considered in the context of an ineffective assistance of appellate counsel claim. Our reading of the certificate is supported by the fact that the district court's order disposing of the § 2255 motion addressed this hearsay issue solely in the context of an ineffective assistance claim and the fact that the stand-alone hearsay issue likely

would be procedurally barred precisely because of appellate counsel's failure to raise it in the direct appeal.

Additionally, as Bear Stops has briefed the stand-alone evidentiary issue, he has not demonstrated or even alleged the violation of any constitutional right. To prevail on a § 2255 motion, the petitioner must demonstrate a violation of the Constitution or the laws of the United States. Bear Stops' only allegation of a constitutional violation relating to this evidentiary issue comes at the end of his brief when he frames the issue as an ineffective assistance claim, stating as follows: "The hearsay statements should have been excluded, and appellate counsel was ineffective in not raising the issue on appeal. Defendant's conviction[s] should be set aside." (Appellant's Br. at 24.) We note that trial defense counsel objected to the admission of the statements, and his objections were overruled.

We will consider this issue in the context of a claim of ineffective assistance of appellate counsel, as did the district court. Again, to prevail on a Sixth Amendment ineffective assistance of counsel claim, the defendant must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced the defense. Strickland, 466 U.S. at 687. To establish prejudice, the petitioner must demonstrate a reasonable probability that the result of the proceedings would have been different absent counsel's error. Id. at 694.

We first conclude that there was no Confrontation Clause violation through the admission of the alleged hearsay testimony. The hearsay rule is a rule of evidence designed to protect the constitutional right to confront witnesses, but not every violation of the hearsay rule amounts to a violation of the Confrontation Clause. Mann v. Thalacker, 246 F.3d 1092, 1100 (8th Cir.), cert. denied, 534 U.S. 1018 (2001). The Confrontation Clause is satisfied when the hearsay evidence falls within a firmly rooted exception to the hearsay rule or is supported by facts that otherwise demonstrate the statement's reliability; the Confrontation Clause is alternatively

6

satisfied when the hearsay declarant testifies at trial and is available for cross-examination.  Id.; see also United States v. Owens, 484 U.S. 554, 557 (1998) (noting that the Confrontation Clause "has long been read as securing an adequate opportunity to cross-examine adverse witnesses").

In this case, both of the child witnesses testified at trial and were available for cross-examination.  We have specifically held that "[t]he Clause is satisfied when the hearsay declarants, here the alleged child victims, actually appear in court and testify in person."  United States v. Spotted War Bonnet, 933 F.2d 1471, 1473 (8th Cir. 1991), cert. denied, 502 U.S. 1101 (1992).  We cautioned in Spotted War Bonnet that all Confrontation Clause concerns cannot be eliminated by simply placing a child on the stand without regard for the child's mental maturity.  Id. at 1474.  Here, however, there is no assertion that the child witnesses were lacking the maturity to communicate effectively with counsel or the jury.  When a defendant has had ample opportunity to cross-examine a witness and discredit the witness's testimony, there is no Confrontation Clause violation.  Loeblein v. Dormire, 229 F.3d 724, 729 (8th Cir. 2000), cert. denied, 532 U.S. 982 (2001).  Because Bear Stops had the opportunity to cross-examine the child witnesses, there is no Confrontation Clause violation from the admission of the alleged hearsay evidence, and we find it unnecessary to consider whether the statements fell within any recognized hearsay exception.  Absent a Confrontation Clause violation, there could be no prejudice from Bear Stops' appellate counsel's failure to raise the issue on appeal.  Id.

In addition, the inclusion of any hearsay evidence in this case was not so prejudicial that it would have changed the results of the proceedings.  See Strickland, 466 U.S. at 694.  In the direct appeal, we noted that "the case against Bear Stops" on the counts involving B.B. was "much stronger" than the case against the older boy.  Bear Stops, 997 F.3d at 459.  We stated as follows:  "There appeared to be no question that B.B. was able to identify his father with whom he had lived for approximately the first five years of his life.  B.B.'s description of the alleged

7

incidents with Bear Stops was consistent regardless of whether it was oral, acted out with anatomically correct dolls, or with pictures drawn on paper." Id. Furthermore, the present district court thoroughly discussed the evidence that was presented at trial and concluded, "The evidence was very convincing that B.B. was sexually abused by an adult male. B.B. testified that petitioner was his abuser. There was no evidence to the contrary, other than petitioner's testimony . . . ." Bear Stops v. United States, 204 F. Supp. 2d 1209, 1224 (D.S.D. 2002). We have reviewed the record and see no need to reiterate the evidence yet again. In the face of the strong admissible evidence, and given the fact that B.B. testified at trial and there was no evidence of a motive to fabricate, we conclude that any error in admitting the hearsay evidence in this case was "harmless beyond a reasonable doubt." Chapman v. California, 386 U.S. 18, 24 (1967); see also United States v. Burns, 276 F.3d 439, 443 (8th Cir. 2002). Therefore, any deficiency in appellate counsel's failure to raise the hearsay issue in the direct appeal did not result in prejudice to the defense because it would not have altered the result of the proceedings.

III.

Accordingly, we affirm the district court's judgment denying Bear Stops' § 2255 motion to vacate, set aside, or correct his sentence.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

8