# In the

# United States Court of Appeals
## For the Seventh Circuit

———————

No. 02-3408

JEFFERY HARRIS,

*Petitioner-Appellant,*

v.

UNITED STATES OF AMERICA,

*Respondent-Appellee.*

———————

Appeal from the United States District Court
for the Southern District of Indiana, Indianapolis Division.
No. 01 C 1484—**Larry J. McKinney**, *Chief Judge.*

———————

ARGUED DECEMBER 12, 2003—DECIDED MAY 3, 2004

———————

Before COFFEY, RIPPLE and KANNE, *Circuit Judges.*

KANNE, *Circuit Judge.*

## I. Background

Jeffery Harris pled guilty to one count of conspiracy to possess with intent to distribute cocaine and cocaine base, 21 U.S.C. §§ 846, 841(a)(1). At sentencing, the district court adopted the findings in the presentence investigation report ("PSR") and adjusted his base offense upward two levels for the possession of a firearm during the course of his offense, U.S.S.G. § 2D1.1(b)(1). The court sentenced Harris to 240

months imprisonment. Since Harris's original counsel failed to timely appeal, Harris sought relief under 28 U.S.C. § 2255 in order to obtain a fresh judgment and a renewed opportunity to appeal. Such relief was granted by the district court, and Harris was allowed to directly appeal his sentence to this court. *United States v. Harris*, 230 F.3d 1054 (7th Cir. 2000), *cert. denied*, 532 U.S. 988 (2001) ("*Harris I*").

In that direct appeal, we made three findings. First, the district court did not clearly err when it concluded that Harris possessed firearms during the offense under U.S.S.G. § 2D1.1(b)(1). *Id.* at 1058. Second, Harris's trial counsel waived consideration of whether the "safety valve" provision under U.S.S.G. § 5C1.2 applied because he affirmatively declined to object to the PSR, which did not address this question, and otherwise failed to raise the issue at sentencing, despite having discussed it during plea negotiations (when applicable, the safety valve allows a sentencing judge to impose a sentence less than the statutory minimum).[1] *Id.* at 1059. Third, Harris's counsel was not constitutionally ineffective for failing to argue for a downward adjustment under the safety valve. *Id.* We then affirmed his sentence.

---

[1]  U.S.S.G. § 5C1.2 states, in relevant part:

> [I]n the case of an offense under 21 U.S.C. § 841 . . . § 846 . . . , the court shall impose a sentence in accordance with the applicable guidelines without regard to any statutory minimum sentence, if the court finds that the defendant meets the criteria in 18 U.S.C. § 3553(f)(1)-(5) set forth verbatim below:
>
> * * *
>
> (2) the defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense . . . .

In his current petition for a writ of habeas corpus under 28 U.S.C. § 2255, Harris asserts for the second time that his trial counsel was ineffective because counsel waived the safety valve issue. The requested relief was denied by the district court, and for the following reasons, we affirm that denial.[2]

## II.  Analysis

In order for Harris to obtain relief under § 2255, he must show that the district court sentenced him "in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such a sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]" 28 U.S.C. § 2255. Hence, relief is appropriate only for "an error of law that is jurisdictional, constitutional, or constitutes a fundamental defect which inherently results in a complete miscarriage of justice." *Borre v. United States*, 940 F.2d 215, 217 (7th Cir. 1991) (internal quotation omitted). The district court's denial of § 2255 relief is reviewed for clear error as to factual matters and de novo as to questions of law. *Tezak v. United States*, 256 F.3d 702, 712 (7th Cir. 2001).

Harris argues that he is entitled to relief under § 2255 because trial counsel was *per se* ineffective due to waiver of the safety valve issue. To prevail on this ineffective assistance of counsel claim, Harris must demonstrate that (1) counsel's performance was deficient because he decided to argue for the minimum sentence under the guidelines instead of advocating for the application of the U.S.S.G.

---

[2]  We direct the interested reader to *Harris*, 230 F.3d at 1056-57, for the factual background regarding Harris's arrest, indictment, plea negotiations, and sentencing.

§ 5C1.2 safety valve which, if applicable, would have al-
lowed the judge to impose a sentence less than the statutory
minimum; *and* (2) this alleged error was prejudicial to
Harris. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).
Because we are bound by our prior holding regarding
ineffective assistance in *Harris I*, 230 F.3d at 1059, we
affirm the district court's denial of habeas relief. Moreover,
we would still affirm even if our prior judgment was not
now binding, because Harris cannot demonstrate that his
trial counsel's decision to abandon the safety valve argu-
ment was objectively unreasonable.

## A. Previous Holding on Ineffective Assistance of Counsel

Attempts to distinguish the ineffective assistance of
counsel claim forwarded in *Harris I* from the claim posited
in this 28 U.S.C. § 2255 habeas petition are unavailing. In
*Harris I*, the defendant anticipated that we would conclude
that the safety valve issue was waived and therefore
separately argued that trial counsel was ineffective based
upon that waiver. (R. 1 at 5.) In considering the argument,
we reiterated that such claims brought on direct appeal are
discouraged because the absence of pertinent factual
matters not typically found in a trial record make it in-
credibly difficult for a defendant to succeed in demonstrat-
ing that trial counsel's performance was deficient. *Harris I*,
230 F.3d at 1059. We then expressly rejected Harris's
ineffective assistance of counsel claim:

> [O]n this record we cannot say that counsel's failure to
> request a downward adjustment under the safety valve
> was not a strategic decision. Counsel argued for the
> minimum sentence within the guideline range rather
> than asserting that the district court should have ap-
> plied the safety valve provision, which may or may not
> have applied to Harris, and counsel was entitled to be

> selective, especially where the pursuit of other avenues may have risked opening the door to the inclusion of unfavorable facts in the record.

*Id.* Although the district court in the instant petition did not consider whether it was bound by our decision in *Harris I*, holding instead that Harris was unable to demonstrate that the allegedly defective performance of trial counsel resulted in any prejudice to him, because we affirmatively adjudicated Harris's ineffective assistance of counsel claim in *Harris I*, we are now bound by that decision.

We have repeatedly warned defendants against raising an ineffective assistance of counsel claim on direct appeal. *See, e.g., United States v. Allender*, 62 F.3d 909, 913 (7th Cir. 1995); *United States v. South* 28 F.3d 619, 629 (7th Cir. 1994). Such claims "likely ha[ve] no factual basis in the trial record . . . [a]nd if undertaken [on direct appeal], our conclusion will be binding on the district court should [a defendant] later decide to bring this challenge again under 28 U.S.C. § 2255." *Allender*, 62 F.3d at 913. Therefore, "a defendant who presents an ineffective-assistance claim for the first time on direct appeal has little to gain and every-thing to lose." *South*, 28 F.3d at 629 (internal quotation omitted). This case serves as yet another cautionary tale.

## B.  Counsel's Performance

Even if we are not bound by our holding in *Harris I*, the defendant's current ineffective assistance of counsel ar-gument still fails because he cannot meet the first prong of the *Strickland* test, namely, that trial counsel's waiver of the safety valve issue was deficient. 466 U.S. at 687. Harris cannot show that his trial counsel's representation "fell below an objective standard of reasonableness." *Id.* at 688.

At Harris's sentencing hearing, counsel argued for a sentence at the low end of the sentencing range and did not advocate for the application of the safety valve under

U.S.S.G. § 5C1.2. As evidenced by an affidavit sworn by Harris's attorney and attached to the government's brief below, this was a strategic decision based upon at least three specific professional judgments made by trial counsel.[3] First, the sentencing judge was unlikely to make any favorable sentencing findings unless expressly agreed to by both parties in the plea agreement because Harris had decided not to fully cooperate with the government. (R. 8, Ex. A.) Second, arguing for application of the safety valve might detrimentally expand the record. *Id.* And third, this circuit had not determined whether the safety valve should apply to a defendant who had the firearms used and carried

---

[3]  The affidavit states in relevant part:

>     4. I did not object to the District Court's failure to find Mr. Harris eligible for "safety valve" consideration under USSG § 5C1.2 for the reason that it was my professional opinion and belief that the undisputed fact that several of Mr. Harris' co-conspirators possessed or used firearms during the course of the charged conspiracy would preclude him from "safety valve" consideration under § 5C1.2(2). My judgment in this regard was further informed by the fact that since Mr. Harris had "backed out" of the cooperation provisions of his Final Plea Agreement, he was unlikely to receive any separate advantageous sentencing findings from the sentencing judge which were not specifically agreed to by the parties.

>     5. At the time of Mr. Harris' guilty plea and sentencing, it [was] my belief that the question of whether a finding that possession of a firearm by a co-conspirator, when utilized by the sentencing judge to impose a two (2) level enhancement under USSG § 2D1.1(b)(1), would preclude "safety valve" consideration had not been decided in the Seventh Circuit. It was my opinion that the evidence, if presented, would clearly show that it was "reasonably foreseeable" to Mr. Harris that co-conspirators possessed firearms during the course of the charged conspiracy, and I did not wish to risk expanding the record to Mr. Harris' detriment.

by co-conspirators attributed to him under U.S.S.G. § 2D1.1(b)(1).[4] *Id.* These were entirely reasonable strategic considerations. Harris is consequently forced to posit, without any supporting citations, that counsel's waiver of the safety valve issue *per se* constituted deficient performance. We decline to adopt such a novel proposition and hold that Harris's ineffective assistance of counsel claim fails because the decision to forego the safety valve argument was a reasonable strategy—the very same rationale we set forth in *Harris I*, 230 F.3d at 1059, a decision made without the benefit of counsel's affidavit now included in the post-conviction record. Thus, we need not consider the prejudice prong of *Strickland*.

### III.  Conclusion

For the foregoing reasons, the district court's denial of the petition for a writ of habeas corpus is AFFIRMED.

---

[4] At the time of Harris's sentencing, the Fourth, Fifth, and District of Columbia Circuits had decided that co-conspirator liability for possession of a firearm under U.S.S.G. § 2D1.1(b)(1) was *not* a basis for determining possession of a firearm under U.S.S.G. § 5C1.2. *See United States v. F.M. Wilson*, 114 F.3d 429, 432 (4th Cir. 1997); *United States v. I.G. Wilson*, 105 F.3d 219, 222 (5th Cir. 1997); *In re Sealed Case*, 105 F.3d 1460, 1462-63 (D.C. Cir. 1997). The Eleventh Circuit, subsequent to Harris's sentencing, followed suit. *See United States v. Clavijo*, 165 F.3d 1341, 1343 (11th Cir. 1999). But the Tenth Circuit had held the opposite, finding that co-conspirator constructive possession of firearms under § 2D1.1(b)(1) was a proper basis for denying the safety valve. *See United States v. Hallum*, 103 F.3d 87, 89-90 (10th Cir. 1996). The issue was, and still is, an open question of law in this circuit. *See Harris I*, 230 F.3d at 1059 (Ripple, J., dissenting). We need not decide this issue here and expressly decline to.

**A true Copy:**

    **Teste:**

            _____
            ***Clerk of the United States Court of***
            ***Appeals for the Seventh Circuit***