# In the
# United States Court of Appeals
## For the Seventh Circuit
_____

No. 04-2126

EARNEST L. WHITE,

Applicant,

v.

UNITED STATES OF AMERICA,

Respondent.

_____

Application for an Order Authorizing the United States
District Court to Entertain a Successive Motion for
Collateral Review.

_____

SUBMITTED MAY 3, 2004—DECIDED
JUNE 2, 2004—OPINION JUNE 15, 2004[1]

_____

Before POSNER, DIANE P. WOOD, and EVANS, *Circuit Judges.*

POSNER, *Circuit Judge.* Earnest White has applied to us
pursuant to 28 U.S.C. § 2244(b)(3) for leave to file a succes-
sive motion to vacate, under 28 U.S.C. § 2255, his federal
criminal judgment. We cannot grant him leave if his claim
was "presented in a prior application." § 2244(b)(1). The
claim (that he is not an armed career criminal) was not

_____

[1] The decision was rendered on June 2, in order to comply with
the statutory deadline for such orders, but with a notation that an
opinion explaining the basis of the order would follow.

presented in his previous section 2255 application, but it was presented in his direct appeal from his conviction, by his lawyer, in an *Anders* brief. In an unpublished order we granted the lawyer's motion to withdraw and dismissed the appeal as frivolous.

No reported appellate case addresses the question whether a direct appeal is a "prior application" within the meaning of section 2244(b)(1). The full text of the section suggests not: "A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed." It is natural to suppose that "prior application" means "prior such application." But this cannot be conclusive, if only because we are dealing in this case not with an application for habeas corpus under section 2254, but with a motion to vacate sentence under section 2255, the habeas corpus substitute for federal prisoners. Section 2255 contains no provision directly corresponding to section 2244(b)(1), though it does require that "a second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain" grounds for relief similar to those that section 2244 permits to be presented in a successive application for habeas corpus even when they had not been presented in a previous one. § 2255 ¶ 8. It would be odd if Congress had intended that a federal prisoner could refile the same motion over and over again without encountering a bar similar to that of section 2244(b)(1), and we have therefore held that "prior application" in that section includes a prior motion under section 2255. *Taylor v. Gilkey*, 314 F.3d 832, 836 (7th Cir. 2002); *Bennett v. United States*, 119 F.3d 468 (7th Cir. 1997). So we have already moved beyond literalism; and we now take up the question whether "prior application" can be interpreted to include "direct appeal."

Invoking the doctrine of the law of the case, the courts, including our court, forbid a prisoner to relitigate in a collateral proceeding an issue that was decided on his direct appeal. E.g., *Harris v. United States*, 366 F.3d 593, 595 (7th Cir. 2004); *Olmstead v. United States*, 55 F.3d 316, 319 (7th Cir. 1995); *Bear Stops v. United States*, 339 F.3d 777, 780 (8th Cir. 2003); *United States v. Aramony*, 166 F.3d 655, 661 (4th Cir. 1999). Relitigation is forbidden (subject to exceptions built into the law of the case doctrine, of which more later) even if it is the first collateral attack. It wouldn't make sense to let a prisoner get around this rule by his first filing a section 2255 motion that omits one of the issues presented in his direct appeal and then following it up with a second such application that presents the issue. It would make no difference to any policy reflected in the statute to treat a second collateral attack that repeats a claim made in the first collateral attack differently from a second collateral attack that repeats a claim that the prisoner had made in the direct appeal from his conviction and sentence.

It is true, turning back to paragraph 8 of section 2255, that to permit a second or other successive motion to be filed by a federal prisoner we must certify that it contains either "(1) newly discovered evidence that . . . would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense," or "(2) a new rule of constitutional law . . . that was previously unavailable." It is difficult to see how either condition could be satisfied by a motion that merely repeated a ground that had been presented in the prisoner's direct appeal. The same puzzle, however, attends section 2244. Subsection (b)(1), as we know, bars the filing of a second habeas corpus application that presents the same claim as the first. Subsection (b)(2) confines the grounds on which a claim omitted in the first application can be presented in the second to ones (materially the same as those in

section 2255 ¶ 8) that could not be satisfied if the prisoner were merely refiling the same motion. It seems that Congress was being redundant in order to emphasize its growing distaste (on which see *Gonzalez v. Secretary for Dep't of Corrections*, 366 F.3d 1253, 1269 (11th Cir. 2004)) for repeat filers. But even without reference to the statutory language, and recurring again to the doctrine of the law of the case, we do not see how a federal prisoner—who must file his motion for relief under 2255 in the very court that convicted him—can be allowed to do so if all he is doing is rehashing a claim that had been rejected on the direct appeal.

The provisions in sections 2244 and 2255 governing collateral attacks by prisoners take the place of the normal preclusion doctrines—res judicata (claim preclusion) and collateral estoppel (issue preclusion)—but, as is apparent from our earlier citations, not of the law of the case. And it's not as if the law of the case doctrine were a straitjacket that might cause a miscarriage of justice. Here is how the court in *United States v. Aramony, supra*, 166 F.3d at 661 (quoting earlier opinions), defined the doctrine: once the "decision of an appellate court establishes 'the law of the case,' it 'must be followed in all subsequent proceedings in the same case in the trial court or on a later appeal . . . unless: (1) a subsequent trial produces substantially different evidence, (2) controlling authority has since made a contrary decision of law applicable to the issue, or (3) the prior decision was clearly erroneous and would work manifest injustice.' " Broad as this set of exceptions is, none applies to White's claim.

It makes no difference that his claim had been presented in his direct appeal in an *Anders* brief on the basis of which we dismissed the appeal as frivolous. Presented is presented, whether in an *Anders* brief or in any other format; and if an appeal is dismissed as frivolous, that is a binding

adjudication that the claims presented in it had no merit at all, rather than an invitation to refile. Anyway section 2244(b)(1) bars collateral review so long as the issue was presented to the court previously; it needn't have been adjudicated. *Felder v. McVicar*, 113 F.3d 696, 698 (7th Cir. 1997); *In re Fowlkes*, 326 F.3d 542 (4th Cir. 2003); *Vancleave v. Norris*, 150 F.3d 926 (8th Cir. 1998); contra (but without citation to § 2244(b)(1)), *In re Lott*, 366 F.3d 431 (6th Cir. 2004). But here it was adjudicated.

APPLICATION DENIED.

DIANE P. WOOD, *Circuit Judge*, concurring in the result. No one who has been following the law of habeas corpus in the federal courts since 1996 would assume that it is easy for a prisoner—federal or state—to raise a potentially successful claim, even in an initial application. State prisoners seeking to present a petition for habeas corpus relief under 28 U.S.C. § 2254 face a daunting array of procedural requirements that often stump even experienced lawyers, ranging from exhaustion of remedies, to fair presentment obligations, to procedural default rules, and above all, to the strong deference to the conclusions of fact and law reached by the state courts. While the situation of federal prisoners is somewhat different, because they normally must proceed using a motion under 28 U.S.C. § 2255 for collateral relief analogous to habeas corpus, and because they are operating within a unitary system, the differences for the most part are

only skin-deep. This is especially true when it comes to second or successive applications for relief. In the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132 (AEDPA), Congress made parallel changes to §§ 2254 and 2255 to ensure that successive litigation would take place only under the most compelling of circumstances. For state prisoners who wish to proceed under § 2254 with such an application, the rules are contained in 28 U.S.C. § 2244; for federal prisoners who are attempting to file a successive § 2255 motion, the rules are found in 28 U.S.C. § 2255 ¶ 8.

Applicant Earnest L. White is a federal prisoner, and thus is trying to use the system found in § 2255. He has filed an application pursuant to § 2255 ¶ 8, which requires those who wish to file a second or successive motion for relief under § 2255 to use the procedures set forth in § 2244. Among the many restrictions on second or successive applications found in § 2244 is the following:

> (b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

Section 2255 ¶ 8 requires second or successive motions under that statute to be "certified as provided in section 2244."

It is common ground between the majority and me that White has already filed one motion under § 2255. *White v. United States*, No. 97-1622 (7th Cir. July 8, 1997) (denying request for a certificate of appealability from the denial of the first § 2255 motion). But the remainder of the procedural history of White's case is important for present purposes. Initially, White pleaded guilty to the crime of being a felon in possession of a firearm. The district court accepted the plea and sentenced him as an armed career criminal to 180

months' incarceration. White appealed, but his lawyer filed an *Anders* brief and sought permission to withdraw from the case, on the ground that there were no non-frivolous issues to be raised. This court granted that motion. *United States v. White*, No. 96-2406 (7th Cir. Sept. 12, 1996). At that point, White filed the first § 2255 motion noted above. Since the time it was denied, White has filed a second § 2255 motion, a motion to correct sentence under 18 U.S.C. § 3582, and two habeas corpus petitions under 28 U.S.C. § 2241. This string of filings have all presented claims that properly belong in a motion under § 2255, as they concern the correctness of his conviction and sentence. Now, in his current application, White wants to challenge various aspects of the sentencing court's decision to treat him an armed career criminal.

The question before us is a narrow one: is White's current effort to file a successive § 2255 motion absolutely barred because he has already presented this claim in something that qualifies as a prior "application" for purposes of § 2244(b)(1) as incorporated in § 2255 ¶ 8, or should White's current application be denied because it fails to meet the substantive criteria for a new claim—namely, because it relies neither on newly discovered evidence nor a new rule of constitutional law that the Supreme Court has made retroactive to cases on collateral review. See § 2255 ¶ 8(1), (2). The majority concludes that the former reason is the correct one on which to rely, by construing the term "application" to include not only applications for collateral relief, but also claims presented on direct appeal. It concedes, in doing so, that this reading would be impossible for a state prisoner proceeding under §§ 2254 and 2244. Nevertheless, relying on analogies to the law of the case doctrine, it chooses to adopt an entirely different rule for § 2255 applicants. Worse yet (although I am not taking issue with this aspect of its ruling), it does this in a case where there was nothing but an *Anders* brief on direct appeal.

This approach is, in my view, inconsistent with the statutory scheme Congress has outlined, in which it has carefully set forth exactly what weight must be given to earlier findings of fact or conclusions of law that support a claim. If the fact that a claim as a whole has already been presented on direct appeal were enough to bring the entire claim within the bar of § 2244(b)(1), the existence of newly discovered evidence would be beside the point. (If the majority means to imply that the law of the case will not bar the successive claim when exceptions to the normal law of the case doctrine apply, my response is that such a rule might at times be broader than Congress intended in AEDPA, and at times narrower. The only way to respect congressional intent is to use the standards Congress itself has provided.) The law of the case doctrine, and its close cousin issue preclusion, exist so that there will be finality in determinations of facts between the same parties. But as even the majority acknowledges in its opinion, preclusion principles operate differently in habeas proceedings. *Taylor v. United States*, 798 F.2d 271, 272 (7th Cir. 1986), *cert. denied*, 479 U.S. 1056 (1987) (stating that *res judicata* does not apply in § 2255 proceedings (citing *Sanders v. United States*, 373 U.S. 1, 8 (1963))).

*Harris v. United States*, 366 F.3d 593 (7th Cir. 2004), on which the majority relies, does not resolve the question before us. In that case, petitioner Harris initially sought relief under § 2255 because his lawyer failed to file a timely appeal. The district court granted his motion, and he then appealed his sentence to this court. In that functional equivalent to a direct appeal, we considered and rejected a claim that counsel had been ineffective for failing to argue for a downward adjustment to Harris's sentence under the safety valve. See *United States v. Harris*, 230 F.3d 1054 (7th Cir. 2000). Having lost that round, Harris filed a new motion under § 2255, in which he argued again that counsel

had been ineffective for failing to invoke the safety valve. In the Alice-in-Wonderland world of habeas corpus, this was his "first" § 2255 petition. Thus, it did not implicate any of the statutory provisions now before us. This court decided that Harris was bound by the earlier resolution of the safety valve issue, reiterating our frequent warnings to defendants and counsel not to present ineffective assistance of counsel claims prematurely, before the record is fully developed. *Harris*, 366 F.3d at 595. After stating this conclusion, the opinion went on to hold that the ineffectiveness claim was meritless in any event. *Id.* at 596.

*Harris* says nothing at all about the question whether the presentation of the ineffectiveness claim on direct appeal had any effect on Harris's ability to file a second or successive § 2255 petition. If Harris had omitted the ineffectiveness claim from his first true § 2255 petition and had then tried to file a successive petition, under the analysis that I am advocating the court would find that he was not barred by § 2244(b)(1), but that his claim could not go forward as a successive petition under § 2255 ¶ 8 unless he could point to either newly discovered evidence or a new retroactive rule of constitutional law. Because, in the actual case, Harris did present the ineffectiveness claim in his first full § 2255 motion, he would have been barred from raising it in any successive motion by § 2244(b)(1).

None of the other cases to which the majority refers lead to a contrary result. *Olmstead v. United States*, 55 F.3d 316 (7th Cir. 1995), and *Bear Stops v. United States*, 339 F.3d 777 (8th Cir. 2003), avoiding the procedural knots in *Harris*, involve straightforward applications of the rules governing a federal prisoner's *first* § 2255 motion. *United States v. Aramony*, 166 F.3d 655 (4th Cir. 1999), which the majority quotes at length, did not even involve a collateral proceeding and thus sheds little light on the issue facing us here.

The habeas corpus statutes draw a distinct line between a collateral attack on a criminal conviction and a direct appeal. Section 2254 speaks of a person who is "in custody pursuant to the judgment of a State court," 28 U.S.C. § 2254(a), and section 2255 applies to a "prisoner in custody under sentence of a court established by Act of Congress," 28 U.S.C. § 2255 ¶ 1. In keeping with that distinction, § 2244 sets forth the rules for handling applications for a writ of habeas corpus filed by state prisoners; these rules, as already noted, also apply to motions filed by federal prisoners under § 2255. It strains the plain language of § 2244(b)(1) past the breaking point to read the phrase habeas corpus "application" to mean, as applied to § 2255 cases, both motions under § 2255 *and* direct appeals. This reading creates a sharp dichotomy between the regimes applicable to § 2254 and § 2255, in the face of the efforts Congress made in 1996 to create parallel systems. It drastically restricts the availability of § 2255 relief for federal prisoners, because it means that notwithstanding new evidence or new retroactive rules of constitutional laws, no claim may be presented *at all* if it was raised on direct appeal. This point is worth stressing: § 2244(b)(1) creates a threshold bar that applicants must pass before a court of appeals can even consider whether the substantive criteria for authorizing a successive petition have been met.

The rule that the majority is adopting here effectively reads § 2255 ¶ 8 out of the statute, except for the small number of cases in which the new evidence or the new rule might reveal ineffective assistance of counsel, *Massaro v. United States*, 538 U.S. 500, 504 (2003), or some other fundamental point that was utterly unknown at the time of the trial. There may be instances in which a federal prisoner raises an issue on direct appeal based on incomplete information, addressing for example an alleged *Brady* violation or an improper *ex parte* communication, only to discover

after further investigation that her constitutional rights were seriously undermined. Under the rule adopted by the majority, these claims would be inadmissible in any collateral attack because they were included in the direct appeal. Likewise, a state defendant who raises a Fourth Amendment claim but was not provided an opportunity for full and fair litigation "at trial or on direct review," *Stone v. Powell*, 428 U.S. 465, 495 n.37 (1976), could obtain habeas review of that narrow point. A similarly situated federal defendant, however, would be out of luck.

Further, the intersection of the rule proposed by the majority with that of procedural default creates an impossible situation for defendants. If a federal defendant fails to raise a claim on direct appeal and is unable to show cause or prejudice for that omission, that claim cannot be raised for the first time on collateral review. See, *e.g.*, *Mankarious v. United States*, 282 F.3d 940, 943 (7th Cir. 2002); *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996). If she *does* present it on direct appeal, however, she is now also barred from collateral review.

In my view, while Congress undoubtedly wanted to make it difficult to pursue second or successive petitions, it did not mean to prevent the courts of appeals from evaluating the requirements of § 2255 ¶ 8, nor did it intend to invite them to craft a new federal common-law rule of law of the case to replace those stringent statutory critera. And stringent they are: the number of successful applications for permission to file a second or successive motion under § 2255 (or application under § 2254) is vanishingly small. Indeed, eight years after the passage of AEDPA, I cannot personally remember a single such application that has been granted in this circuit, though I have not examined these records recently.

The claims that White is trying to raise in the present repetitive application for permission to file a successive motion under § 2255 should not be barred altogether from our consideration because of anything that happened in the direct appeal from his conviction and sentence. Instead, we should ask whether White has presented these particular claims in any prior motion under § 2255. If the answer were yes, then and only then would dismissal on this ground be proper. Since the answer is no, however, we can and must turn to the criteria Congress set forth for evaluating whether his successive motion is entitled to go forward. Once we reach that step, it is easy to see that his application must be denied. As noted above, he wants to attack the sentencing court's armed career criminal determination, by arguing that he is actually innocent of the enhancement, that his attorney should have objected to the enhancement, and that the court clearly erred when it imposed the enhancement. White has cited neither new facts nor a new rule of constitutional law made retroactive to cases on collateral review in support of his proposed claim. It is on this ground, not on the ground that we cannot even look at his claims because they appeared in a prior "application," that we should rule. I therefore concur only in the outcome reached by the majority.

A true Copy:

      Teste:


                                      _____

                               *Clerk of the United States Court of*
                                  *Appeals for the Seventh Circuit*