On Application for Rehearing

COBB, Judge.
The opinion of June 24, 2005, is withdrawn and the following substituted therefor.
Matthew Wayne Tubbs was convicted in Jefferson County Circuit Court on August 31, 1999, of first-degree robbery and was sentenced, as a habitual offender with three prior convictions, to life imprisonment without parole. This Court affirmed the conviction and sentence in an unpublished memorandum. Tubbs v. State, (No. CR-98-2409, January 28, 2000), 805 So.2d 790 (Ala.Crim.App.2000)(table). The certificate of judgment was issued on June 30, 2000. See, Ex parte Tubbs, 787 So.2d 728 (Ala.2000)(table). Tubbs has filed two previous unsuccessful Rule 32, Ala. R.Crim. P., challenges to his conviction. The instant petition was filed on February 17, 2005.
Tubbs raised one issue in his present Rule 32, Ala. R.Crim. P., petition: whether the trial court lacked jurisdiction to impose sentence because Tubbs was without counsel at sentencing. In support of this claim Tubbs asserts that the record does not affirmatively show that his attorney was present at sentencing because the case action summary sheet does not reflect his attorney’s presence.[1] The circuit court summarily dismissed the petition before the State responded.
Tubbs appeals, arguing that summary dismissal was error because his claim entitled him to relief.
“Rule 32.7(d), Ala. R.Crim. P., permits the trial court to dismiss the petition ‘[i]f the court determines that the petition is not sufficiently specific, or is precluded, or fails to state a claim, or that no material issue of fact or law exists which would entitle the petitioner to relief under this rule and that no purpose would be served by any further proceedings.’ ”
Patty v. State, 652 So.2d 337, 338-39 (Ala.Crim.App.1994).
“ ‘ “Where a simple reading of the petition for post-conviction relief shows that, assuming every allegation of the petition to be true, it is obviously without merit or is precluded, the circuit court [may] summarily dismiss that petition.... ” Bishop v. State, 608 So.2d 345 (Ala.1992) (quoting Bishop v. State, 592 So.2d 664, 667 (Ala.Crim.App.1991) (Bowen, J., dissenting)).’ Tatum v. State, 607 So.2d 383, 384 (Ala.Crim.App.1992).”
Id. at 338.
Tubbs cites Burgett v. Texas, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967), in *68 which the United States Supreme Court held that a silent record will not support a presumption of representation by counsel. Id. at 114-115, 88 S.Ct. 258.
Burgett is distinguishable from Tubbs’s case in that the record in Burgett revealed that Burgett was not represented by counsel at the sentencing stage, and it was silent as to whether he had waived his right to counsel during this stage of the trial. In Tubbs’s case, the ease action summary sheet reflects that attorney Timothy A. Hughes was initially appointed to represent Tubbs and that Hughes subsequently withdrew and the trial court appointed Charles Salvagio to represent Tubbs. (R. 7-8.)
This Court has held:
“There does not appear to be any law which requires that the name of the attorney appear at any particular place in the record so long as it properly appears that the defendant on trial was represented by an attorney.”
Minor v. State, 437 So.2d 651, 656-57 (Ala.Crim.App.1983).
Although Tubbs argues that subsequent entries on the case action summary sheet do not affirmatively reflect that he was represented or accompanied by counsel when appearing in court for sentencing, § 13A-5-10.1(e), Ala.Code 1975, provides that where a court record “indicates that the defendant was represented by an attorney, it is presumed that the attorney was present in court with the defendant at all critical stages of the proceeding.” Thus, by merely pleading that the case action summary sheet lacked specific affirmations of counsel’s presence at the sentencing phase, Tubbs has failed to meet his burden of pleading facts that if true would entitle him to relief. Thus, Tubbs’s pleadings fail to satisfy the burden-of-pleading requirement of Rule 32.3, Ala. R.Crim. P.
Moreover, in addition to the procedural bar, there is no merit to Tubbs’s claim. The record in Tubbs’s direct appeal [2] reflects that Tubbs’s counsel, Charles Salvagio, was present at sentencing. Thus, there is no merit to this claim.
Because Tubbs’s Rule 32 petition was insufficiently pleaded and meritless, the trial court did not abuse its discretion by summarily dismissing the petition. For the reasons stated above, the trial court properly denied Tubbs’s petition. Accordingly, the judgment of the trial court is affirmed.
We note that Tubbs’s verification under penalty of perjury that the claims in his petition were true was, in fact, blatantly false. Inmates who file false claims in their postconviction petitions waste the resources of the district attorneys’ offices that must respond to them; the circuit courts that must review and dispose of them; the attorney general’s office, which must answer any appeal filed; and the appellate courts that must review them. Inmates filing blatantly false claims are subject to prosecution for perjury. See, § 13A-10-101, Ala.Code 1975.
OPINION OF JUNE 24, 2005, WITHDRAWN; OPINION SUBSTITUTED; APPLICATION FOR REHEARING OVERRULED; AFFIRMED.
McMILLAN, PH., and BASCHAB, SHAW, and WISE, JJ., concur.

. At times Tubbs’s argument appears to be that he is entitled to relief because the circuit court’s case action summary sheet fails to reflect that counsel was present at sentencing. To any extent that this is meant to be an independent claim and not merely support for his claim that he was without counsel at sentencing, we note that it is a nonjurisdictional claim subject to the procedural bars found in Rule 32, Ala. R.Crim. P. Because this claim is not jurisdictional, it is precluded by Rule 32.2(b), Ala. R.Crim. P., because there has been no assertion establishing “good cause” for failing to raise the claim in Tubbs's first petition; by Rule 32.2(c), Ala. R.Crim. P., because Tubbs’s petition was filed outside the limitations period; and by Rules 32.2(a)(3) and (5), Ala. R.Crim. P., because the claim could have been, but was not, raised at trial and on direct appeal.

. This Court may take judicial notice of its own records. Ex parte Salter, 520 So.2d 213, 216 (Ala.Crim.App.1987).