[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 06-10646
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
December 13, 2006
THOMAS K. KAHN
CLERK

D. C. Docket No. 04-00644-CV-BH-B

LOUIS JENKINS,

Petitioner-Appellant,

versus

STEPHEN BULLARD,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

**(December 13, 2006)**

Before BLACK, CARNES and BARKETT, Circuit Judges.

PER CURIAM:

Louis Jenkins, an Alabama prisoner proceeding pro se, appeals the district

court's denial of his federal habeas petition, which he filed pursuant to 28 U.S.C. § 2254. In his petition, Jenkins raised the following claims: (1) the trial court erred by overruling his objection to the autopsy photographs; (2) the trial court erred by denying his motion for directed verdict of acquittal based on an improper jury instruction regarding intent; (3) the trial court erred by denying his motion for judgment of acquittal based on insufficiency of the evidence; and (4) his appellate counsel was ineffective because she failed to raise claims that Jenkins's trial counsel was ineffective. The district court found that Jenkins's claims were procedurally defaulted.

We granted a certificate of appealability on the following issues:

(1)     Whether the district court erred by finding that appellant's claims relating to the alleged errors committed by the state trial court were procedurally barred?

(2)     Whether the district court erred by finding that appellant's claims of ineffective assistance of appellate counsel were procedurally barred?

Before filing a federal habeas action, a state prisoner must exhaust state court remedies, either on direct appeal or in a state post-conviction motion. 28 U.S.C. § 2254(b), (c). Exhaustion presents a mixed question of law and fact, subject to de novo review. Fox v. Kelso, 911 F.2d 563, 568 (11th Cir. 1990). To exhaust state remedies, the petitioner must fairly present every issue raised in his

2

federal petition to the state's highest court, either on direct appeal or on collateral review. Castille v. Peoples, 489 U.S. 346, 351, 109 S. Ct. 1056, 1060 (1989). The Supreme Court has held that "ordinarily a state prisoner does not 'fairly present' a claim to a state court if that court must read beyond a petition or brief (or a similar document) that does not alert it to the presence of a federal claim in order to find material, such as a lower court opinion in the case, that does so." Baldwin v. Reese, 541 U.S. 27, 32, 124 S. Ct. 1347, 1351 (2004).

Generally, when a petitioner has failed to exhaust state remedies, the district court should dismiss the petition without prejudice to allow exhaustion. Rose v. Lundy, 455 U.S. 509, 519–20, 102 S. Ct. 1198, 1203–04 (1982). Where, however, the claim presented is procedurally defaulted, the court need not dismiss to permit exhaustion but should dismiss on procedural default grounds. Snowden v. Singletary, 135 F.3d 732, 736 (11th Cir. 1998). The issue of whether a habeas petitioner's claims are subject to the doctrine of procedural default is a mixed question of law and fact that we review de novo. Judd v. Haley, 250 F.3d 1308, 1313 (11th Cir. 2001).

Generally, procedural default can arise in two ways: (1) when the state court applies a state procedural rule to bar consideration of the federal claim; or (2) when the petitioner never raised the claim in state court, but it is obvious that the state

3

courts would hold it to be procedurally barred if it were raised now. Bailey v. Nagle, 172 F.3d 1299, 1302-03 (11th Cir. 1999). Federal habeas courts are precluded from deciding the merits of a claim that is procedurally barred, except in two circumstances. One is where the petitioner makes a showing of adequate cause and actual prejudice, and the other is where the failure to consider the claim would result in a fundamental miscarriage of justice. Coleman v. Thompson, 501 U.S. 722, 749–50, 111 S. Ct. 2546, 2564–65 (1991); Marek v. Singletary, 62 F.3d 1295, 1301-02 (11th Cir. 1995).

## A. Claims Involving State Trial Court Actions

The State argues, and the district court concluded, that Jenkins' trial level claims were procedurally barred because he failed to raise those claims adequately during his direct appeal to the Alabama Court of Criminal Appeals or, after that court affirmed his conviction, in his certiorari petition to the Alabama Supreme Court.

After Jenkins was convicted of manslaughter and sentenced as a habitual offender to life imprisonment, the trial court appointed counsel to represent him on appeal. Counsel filed a brief with the Alabama Court of Criminal Appeals pursuant to Anders v. California, 386 U.S. 738, 87 S. Ct. 1396 (1967), asserting that there were no meritorious issues to raise on appeal and requesting that the

4

court allow her to withdraw as counsel. As the <u>Anders</u> procedure requires, counsel did note in her brief that there were several possible issues that might be raised, including: (1) the trial court's denial of Jenkins' motion for directed verdict based on the jury instruction regarding intent; (2) the trial court's overruling of Jenkins' objection to the introduction of autopsy photos; and (3) the trial court's denial of Jenkins' motion for judgment of acquittal based on the sufficiency of the evidence. Nevertheless, the brief stated that those issues did not have arguable merit. Under the <u>Anders</u> procedure if the reviewing court agrees with counsel, and after conducting an independent review of the record concludes that there are no issues of arguable merit, it may grant counsel's motion to withdraw and either dismiss the appeal or affirm the judgment. <u>Id.</u> at 744, 87 S. Ct. at 1400. That is what the Court of Criminal Appeals did.

The Court of Criminal Appeals' judgment affirming Jenkins' conviction and sentence reflects a decision by it that the issues flagged by Jenkins' counsel in her <u>Anders</u> brief were meritless, and that there was no error of any kind in the record. What the Seventh Circuit said in a different but related context makes sense here as well:

> It makes no difference that his claim had been presented in his direct appeal in an <u>Anders</u> brief on the basis of which we dismissed the appeal as frivolous. Presented is presented, whether in an <u>Anders</u> brief or in any other format; and if an appeal is dismissed as frivolous,

5

> that is a binding adjudication that the claims presented in it had no merit at all, rather than an invitation to refile.

White v. United States, 371 F.3d 900, 902–03 (7th Cir. 2004). There was no failure to exhaust in the Court of Criminal Appeals, and when Jenkins unsuccessfully sought certiorari review in the Alabama Supreme Court on the ground that the Court of Criminal Appeals decision was error, he completed the exhaustion of his state court remedies insofar as his trial level claims are concerned. Accordingly, the district court should have decided the trial level claims on the merits.

### B. Claims of Ineffective Assistance of Appellate Counsel

Jenkins' claims that his appellate counsel rendered ineffective assistance are a different story. Those claims were not, and of course could not have been, raised during the direct appeal. However, they could be raised in Jenkins' state collateral proceedings.

Alabama Rule of Criminal Procedure 32.1 permits defendants who have been convicted of a criminal offense to petition for relief from their convictions on the basis of one of six specified grounds. Ala. R. Crim. P. 32.1. Rule 32.3 provides that, in the Rule 32 petition, "[t]he petitioner shall have the burden of pleading and proving by a preponderance of the evidence the facts necessary to entitle the petitioner to relief." Id. R. 32.3. Likewise, Rule 32.6(b) provides that:

[t]he petition must contain a clear and specific statement of the grounds upon which relief is sought, including full disclosure of the factual basis of those grounds. A bare allegation that a constitutional right has been violated and mere conclusions of law shall not be sufficient to warrant any further proceedings.

Id. R. 32.6(b). To underscore this final point, Rule 32.7(d) allows the state collateral court to dismiss the petition "[i]f the court determines that the petition is not sufficiently specific." Id. R. 32.7(d).

Jenkins filed a Rule 32 petition in Alabama state court claiming that his appellate counsel was ineffective for not raising on direct appeal Jenkins' ineffective assistance of trial counsel claims, but the state collateral court dismissed the petition under Rule 32.7(d) because it did not meet the specificity requirements of Rules 32.3 and 32.6(b). The Court of Criminal Appeals affirmed the dismissal of Jenkins' Rule 32 petition, concluding that the collateral court did not err in summarily dismissing the petition under Rule 32.7(d) because Jenkins' petition was procedurally barred for not including specific facts which entitled him to relief, and in any case the petition lacked merit.

Federal courts do not review a procedurally defaulted state collateral claim in a § 2254 petition if: (1) the petitioner failed to substantially comply with a state procedural rule, Lee v. Kenna, 534 U.S. 362, 375–76, 382, 122 S. Ct. 877, 885, 889 (2002); (2) the last state court to review the claim clearly and expressly stated

7

that its judgment rested on the petitioner's failure to substantially comply with the state procedural rule; and (3) the rule was firmly established and regularly followed when applied by the state court. Judd, 250 F.3d AT 1313; Hill v. Jones, 81 F.3d 1015, 1022 (11th Cir. 1996). Applied here, the district court was correct to dismiss Jenkins' claim as procedurally defaulted.

First, Jenkins' Rule 32 petition, on its face, did not comply with the specificity requirements of Rules 32.3 and 32.6(b). To properly raise an ineffective assistance of appellate counsel claim, Jenkins should have alleged specific facts showing that his appellate counsel's performance was deficient—that counsel's decisions were so unreasonable that they could not be considered as part of the appellate strategy—and that the deficiency made a difference to the outcome of the proceeding. See Strickland v. Washington, 466 U.S. 668, 687, 689, 694, 104 S. Ct. 2052, 2064–65, 2068 (1984).

Jenkins' only allegations in this Rule 32 petition were that his appellate counsel was ineffective for not raising the following errors or omission of his trial counsel during the direct appeal:

> [That] (1) [t]rial counsel improperly argued her motion for judgment of acquittal in that, she did not argue that the petitioner was either guilty of murder or not guilty of murder; (2) [t]rial counsel argued in her motion for judgment of acquittal, insufficiency of the evidence regarding the petitioner's intent, but did not argue any other grounds; (3) [t]rial counsel failed to argue . . . that there was a fatal variance,

8

between evidence presented at trial, and the charge as embra[c]ed in the indictment, because all evidence presented at trial pointed to Assault in the First Degree, where the victim's death was due to a delay in medical attention; (4) [t]rial counsel failed to argue . . . that the State had failed to prove the [e]lement of [i]ntent, which is a [s]tatutory [e]lement of the offense of [m]urder . . .; (5) [t]rial counsel failed to object to all of the State[']s requested jury charges where the requested jury charges were a misstatement of the law; (6) [t]rial counsel should not have asked for certain jury charges, where the requested jury charges were aimed at a defense for murder as opposed to a[n] acquittal of the murder charge due to a failure of the state to prove the intentional murder statue; [and] (7) [t]rial counsel was ineffective for [failing] to move for a judgment in favor of the petition on the grounds that the State had failed to meet its burden of proof to the petitioner's guilt on murder.

The problem for Jenkins is that these claims were no more than "bare allegation[s] that a constitutional right has been violated and mere conclusions of law." Ala. R. Crim. P. 32.6(b). That is, they lacked the requisite specificity that Alabama requires for Rule 32 petitions. For example, Jenkins alleged in his petition that his trial counsel was ineffective for moving for judgment of acquittal on only one ground, but "did not argue any other grounds." Yet, Jenkins did not specifically allege what other bases his trial counsel should have included in the motion for judgment of acquittal or the factual predicate for these alternative bases. Jenkins also alleged that his trial counsel failed to object to certain jury instructions, which, according to Jenkins, were misstatements of law. Yet, Jenkins did not specifically allege which jury instructions were misstatements of the law or

9

why they were so. Jenkins next alleged that his trial counsel should not have requested certain jury instructions related to the murder charge. Yet, Jenkins did not specifically allege in his Rule 32 petition which jury instructions his counsel should not have requested. Finally, Jenkins failed to allege, in even the barest of ways, what prejudice he suffered as a result of his trial counsel's purported errors, given that the jury rejected the murder charge. He was convicted of manslaughter and acquitted of murder.

(Additionally, Jenkins himself raised many of the same trial errors in his own direct appeal brief to the Court of Criminal Appeals that he complains counsel failed to raise. Those issues were rejected as meritless on direct appeal, which is not surprising since they involve a charge for which he was acquitted.)

As to the second part of the procedural default rule, the Court of Criminal Appeals clearly and expressly stated that its judgment affirming the dismissal of Jenkins' Rule 32 petition rested on his failure to comply with Rules 32.3 and 32.6(b). Quoting from the lower court's order dismissing the petition, the Court of Criminal Appeals wrote that Jenkins' "claims fail to meet the requirements of specificity in pleadings as required by Rule 32.3 and further stressed by Rule 32.6(b)." "Because . . . Jenkins's claims were . . . procedurally barred," the Court of Criminal Appeals concluded, "the [lower] court did not err in summarily

10

denying the petition pursuant to Rule 32.7(d)."

As to the third part of the procedural default rule, Rules 32.3 and 32.6(b) have been firmly established and regularly followed by the Alabama courts. The Court of Criminal Appeals has consistently affirmed, as it did with Jenkins, lower court decisions that have summarily dismissed Rule 32 petitions that do not include specific facts which would entitle the petitioner to collateral relief. See, e.g., Shaw v. State, ___ So. 2d ___, 2006 WL 825142, *2 (Ala. Crim. App. Mar. 24, 2006); Tubbs v. State, 931 So. 2d 66, 68 (Ala. Crim. App. 2005); Boyd v. State, 913 So. 2d 1113, 1126–32 (Ala. Crim. App. 2003); Chambers v. State, 884 So. 2d 15, 18–19 (Ala. Crim. App. 2003).

Finally, Jenkins has not demonstrated that there was cause for, and that he was prejudiced by, his procedural default, or that the procedural bar, if applied here, would work a fundamental miscarriage of justice. Jenkins did not refer in his § 2254 petition to any objective factors that would indicate that he was impeded from complying with Rules 32.3 and 32.6(b). See Henderson v. Campbell, 353 F.3d 880, 892 (11th Cir. 2003) ("[t]o establish 'cause' for procedural default, a petitioner must demonstrate that some objective factor external to the defense impeded the effort to raise the claim properly in the state court"). The fact that he is proceeding pro se with his § 2254 petition is insufficient to establish cause. Nor

11

did Jenkins establish, or even allege, any prejudice he suffered because of his counsel's alleged deficient performance.

Jenkins did not allege in his § 2254 petition that he is actually innocent of the crime for which he has been convicted, which is a threshold requirement of the fundamental miscarriage of justice exception to the procedural default rule. See Henderson, 353 F.3d at 892 ("[a] fundamental miscarriage of justice occurs in an extraordinary case, where a constitutional violation has resulted in the conviction of someone who is actually innocent"). Accordingly, the district court did not err in dismissing Jenkins' ineffective assistance of appellate counsel claims as procedurally defaulted.

## C. Conclusion

For the foregoing reasons, we VACATE the part of the district court's order dismissing Jenkins' ineffective assistance of trial counsel claims and REMAND for consideration of these claims in light of our decision. As to the part of the district court's order dismissing Jenkins' ineffective assistance of appellate counsel claims, we AFFIRM.