United States Court of Appeals

For the Eighth Circuit

_____

No. 24-1032

_____

Jeffrey Scott Gundersen

*Petitioner - Appellant*

v.

United States of America

*Respondent - Appellee*

_____

Appeal from United States District Court
for the Southern District of Iowa - Central

_____

Submitted: December 16, 2024
Filed: January 21, 2025
[Unpublished]

_____

Before SMITH, GRUENDER, and STRAS, Circuit Judges.

_____

PER CURIAM.

Jeffrey Scott Gundersen appeals the district court's[1] denial of his 28 U.S.C. § 2255 motion. The district court granted a certificate of appealability on his claim that counsel was ineffective for failing to challenge the constitutionality of 18 U.S.C.

---

[1]The Honorable Rebecca Goodgame Ebinger, United States District Judge for the Southern District of Iowa.

§ 922(g)(1) under *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022).

We review *de novo* the district court's denial of Gundersen's § 2255 motion. *See Bear Stops v. United States*, 339 F.3d 777, 779 (8th Cir. 2003). To establish ineffective assistance of counsel, Gundersen must show that counsel's performance was deficient and that the deficient performance prejudiced the defense. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). We need not decide whether counsel's performance was deficient if the deficient performance would not have prejudiced the defense. *See id.* at 697.

We conclude that Gundersen was not prejudiced by counsel's failure to challenge the constitutionality of § 922(g)(1). Following the Supreme Court's decision in *United States v. Rahimi*, 602 U.S. 680 (2024), we held that "[t]he longstanding prohibition on possession of firearms by felons is constitutional," *United States v. Cunningham*, 114 F.4th 671, 675 (8th Cir. 2024), and that there is "no need for felony-by-felony litigation regarding the constitutionality of § 922(g)(1)," *United States v. Jackson*, 110 F.4th 1120, 1125 (8th Cir. 2024). Thus, Gundersen would not have prevailed on his constitutional challenge to § 922(g)(1), and we need not decide whether counsel's performance was deficient for failing to raise the issue. The district court did not err in denying Gundersen's § 2255 motion based on ineffective assistance of counsel.[2]

Accordingly, we affirm the judgment of the district court.

_____

---

[2]Even if Gundersen could bring an as-applied challenge under *Bruen* and *Rahimi*, he would not prevail. He has a lengthy and violent criminal record, which demonstrates that he "pose[s] a credible threat to the physical safety of others." *Rahimi*, 602 U.S. at 700; *see also United States v. Jackson*, 85 F.4th 468, 470-72 (8th Cir. 2023) (Stras, J., dissenting from denial of reh'g en banc) (explaining that, based on Founding-era history, the government can strip "dangerous" individuals of their firearms).